**EAST POWELTON CONCERNED RESIDENTS, et al.**

v.

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al.**

**Civ. A. No. 74–621.**

United States District Court,
E. D. Pennsylvania.

Sept. 30, 1975.

MEMORANDUM AND ORDER

BECHTLE, District Judge.

This action has been brought by representative community groups, tenants, and individual homeowners residing in the University City Renewal Area Unit #5,[1] on behalf of themselves and all other persons similarly situated, seeking injunctive and declaratory relief against the United States Department of Housing and Urban Development ("HUD") and the Redevelopment Authority of the City of Philadelphia ("RDA"). The complaint alleges that the urban renewal plan currently existing for Unit #5 violates various federal housing and urban development statutes and that the residents of the projected renewal area have been denied the right to participate as a Project Area Committee in the formulation and implementation of the urban renewal plan, as required by RDA and HUD regulations. Presently before the Court is Powelton Civic Homeowners Association ("PCHA")[2] and Powelton '76's motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure.

On December 10, 1968, PCHA and RDA entered into a voluntary settlement whereby PCHA was to be appointed as the developer of 60 to 80 housing units in Parcel 5[3] of Unit #5. *Powelton Civic Homeowners Association v. Department of Housing and Urban Development*, Civil No. 44197 (E.D.Pa., Dec. 10, 1968). Powelton '76 is a non-profit group which was formed by PCHA to implement the redevelopment of Parcel 5. For various reasons, which are irrelevant for the purpose of PCHA's pres-

Janet F. Stotland and Alan L. Phillips, Philadelphia, Pa., for plaintiffs.

Robert E. J. Curran, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendants.

1. The area known as University City Urban Renewal Area Unit #5 includes the area bounded by Chestnut Street, 34th Street, Powelton Avenue, 32nd Street, Race, and 33rd Streets. [Count 24 of plaintiffs' complaint.]

2. PCHA is a non-profit corporation, organized under the laws of Pennsylvania, with ap-

proximately one hundred (100) members who are homeowners in Powelton Village.

3. Parcel 5 is located on the north side of Race Street between Natrona and 33rd Streets. [*See* Exhibit A attached to plaintiffs' complaint.]

ent motion to intervene, the construction of the 60 to 80 housing units has yet to be carried out.

As a result of the above settlement agreement, PCHA claims to have a sufficient interest so as to enable it to intervene as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure.[4] PCHA alleges that the purpose of plaintiffs' lawsuit is to stop the demolition of all the homes in Unit #5 and to secure an amendment of the urban renewal plan for this purpose. If this were the case, then the disposition of the present action might very well impair or impede PCHA's ability to protect its interest. However, upon examination of the relevant documents of record, we are unable to divine such a purpose. As noted in this Court's previous Memorandum and Order (November 12, 1974) which granted plaintiffs' motion for declaration as a class action, the gravamen of the complaint is that the urban renewal plan for Unit #5 violates various federal statutes dealing with relocation benefits, demolition in lieu of rehabilitation, and the right of residents of Unit #5 to participate in the planning and implementation of the urban renewal plan for their area. Thus, while the effect of a decision by this Court may ultimately be to bar the demolition of some of the structures in question in favor of rehabilitation, it cannot be said that the purpose of plaintiffs' lawsuit is to stop the demolition of all the homes in Unit #5, and in particular those homes in Parcel 5. In fact, plaintiffs do not oppose the demolition of the remaining buildings of Parcel 5, due to the deteriorated physical condition of those buildings.[5] (*See* Plaintiffs' Memorandum of Law in Opposition to the Motion to Intervene at 2, 4.)

PCHA also asks to intervene as a matter of discretion pursuant to Rule 24(b).[6] It cannot be said that PCHA's claim or defense and the present action have a question of law or fact in common. As mentioned above, the purpose of the present action is to force the urban renewal plan to comply with various federal statutes, not to stop PCHA from building their units. PCHA's grievance is not against the plaintiffs but against RDA for its alleged failure to live up to the 1968 settlement agreement; an agreement which is unrelated to the present cause of action. Accordingly, PCHA's motion to intervene will be denied.

---

4. Rule 24(a)(2) provides in pertinent part:
   Upon timely application anyone shall be permitted to intervene in an action:
   . . .
   (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

5. Plaintiffs and PCHA apparently agree that housing is needed on Parcel 5, although they disagree as to the design and structure of the units to be developed by PCHA and Powelton '76. Such differences are irrelevant in regard to the present case.

6. Rule 24(b) provides in pertinent part:
   Upon timely application anyone may be permitted to intervene in an action: . . .
   (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.