**Mabel DODSON et al.**

v.

**Augustine SALVITTI et al.**

**Civ. A. No. 74–1854.**

United States District Court,
E. D. Pennsylvania.

August 3, 1977.

Sally Akan, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for plaintiffs.

Walter S. Batty, Jr., Asst. U. S. Atty., Philadelphia, Pa., for HUD.

Buford W. Tatum, II, Philadelphia, Pa., for Redevelopment Authority.

Olan B. Lowrey, Philadelphia, Pa., for intervenor.

## MEMORANDUM

VanARTSDALEN, District Judge.

Proposed intervenors claim a right to intervene in this litigation pursuant to Fed.R. Civ.P. 24(a)(2) which requires "an interest relating to the property or transaction which is the subject of the action." They contend that they have a substantial interest in the protection of their property from alleged economic loss resulting from the introduction of subsidized low income housing into their neighborhood. The motion to intervene was denied. The proposed intervenors' interest does not relate "to the property or transaction which is the subject of the action."

Plaintiffs are persons who have been displaced from their residences in the Washington Square East Urban Renewal Area (URA) of Philadelphia. Plaintiffs seek declaratory and equitable relief that will compel the United States Department of Housing and Urban Development (HUD) and the Redevelopment Authority of the City of Philadelphia (RDA) to provide or make available comparable replacement housing which plaintiffs contend they are entitled to under the National Housing Act, 42 U.S.C. §§ 1441 *et seq.*, the Housing and Urban Development Act of 1968, 42 U.S.C. §§ 1469 *et seq.*, and the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §§ 4601 *et seq.* Plaintiffs' complaint further alleges various violations of the Civil Rights Act, 42 U.S.C. §§ 1983, 2000d and 3601 *et seq.* and asserts claims under the equal protection and due process clauses of the fifth and fourteenth amendments to the constitution.

The relief sought by plaintiffs, as set forth in their complaint, includes:

(1) a declaration that defendants have a duty to provide permanent replacement housing for the plaintiffs in a manner which will promote racial integration.

(2) a declaration that defendants have failed to perform their aforesaid duty.

(3) an injunction prohibiting RDA from demolishing, conveying, or otherwise disposing of any dwelling units or parcels of land within the Washington Square East Urban Renewal Area which are owned or controlled by RDA and which are potentially available for permanent replacement housing until such time as defendants have provided permanent replacement housing for the plaintiffs.

(4) an injunction prohibiting HUD from providing federal financial assistance to RDA for the purpose of disposing of any dwelling units or parcels of land, as described above.

(5) an order compelling defendants to develop, implement and, if necessary, finance a plan or program for construction of permanent replacement housing.

The parties to this suit are believed to be nearing the finality of settlement negotiations whereby the defendants would agree insofar as possible within their statutory authority to cause the construction of low income subsidized housing in the western sector of Society Hill (URA) to be used as replacement housing for the plaintiffs. Precipitated by this proposed settlement, on January 13, 1977, twenty individuals moved to intervene as defendants in this action pursuant to Fed.R.Civ.P. 24(a) and on February 7, 1977 this court denied such motion.

The same individuals renewed their motion to intervene and this motion likewise was denied on April 17, 1977.

The proposed intervenors claim to have a sufficient interest in the lawsuit so as to entitle them to intervene as of right pursuant to Fed.R.Civ.P. 24(a)(2). Rule 24(a)(2) states:

> Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The interest necessary to warrant intervention as of right has been held to be a "direct, substantial, legally protectable interest in the proceedings." *Hobson v. Hansen*, 44 F.R.D. 18, 24 (D.D.C.1968).

The proposed intervenors, residents of the Society Hill area, assert that most of them own property in close proximity to one or more of the sites currently being considered for government subsidized low income housing and seek to protect their economic interest in the value of their homes.[1] It is their contention that the introduction of government sponsored low income housing into the neighborhood would seriously impair both the quality of life and the real estate value of neighborhood property. They seek to intervene in order, apparently, to insure that the litigation proceeds without compromise and with all defenses asserted.

The motion to intervene proceeds upon the assumption that the purpose of plaintiffs' lawsuit is to introduce low income housing specifically into the Society Hill area. If this assumption was in fact true, then the proposed intervenors' interest might relate to the property which is the subject of the action and the disposition of the lawsuit might in some way effect that interest. However, upon careful review of the complaint and other relevant documents, it is apparent that such is not the purpose. As previously noted, the thrust of the complaint is that HUD and RDA violated various federal statutes dealing with the relocation of displaced residents of the URA and plaintiffs merely seek compliance with such statutes.[2] Therefore, while the ultimate effect of a settlement between the parties may be to locate or construct low income housing in the western sector of Society Hill, the purpose of plaintiffs' lawsuit is not to compel HUD and RDA to construct permanent replacement housing within that specific area.

Since this action was instituted in order to force HUD and RDA to comply with various federal statutes, and not to compel them to construct replacement housing in the URA, the proposed intervenors have failed to assert an interest which relates "to the property or transaction which is the subject of the action" and have therefore failed to assert an interest in the lawsuit sufficient to warrant intervention as of right.[3]

---

1. The stated purpose of this attempted intervention is to allow the proposed intervenors, members of the Society Hill community, the right to actively participate in the continuing settlement negotiations. Apparently, these individuals wish to interject their objections to the proposed settlement and express their support for certain other alternatives to the construction of low income housing in this vicinity. The fact that they may be opposed to this particular settlement or in favor of some alternative plan is simply not a sufficient basis for permitting their intervention.

2. Plaintiffs do, however, seek to enjoin HUD and RDA from demolishing, conveying or otherwise disposing of any dwelling units or parcels of land within the URA which are owned or controlled by RDA and which are potentially available for use as permanent replacement housing until such time as defendants have provided permanent replacement housing for the plaintiffs.

3. *See East Powelton Concerned Residents v. United States Department of Housing and Urban Development*, 69 F.R.D. 392 (E.D.Pa.1975) (homeowners' association lacked sufficient interest to entitle it to intervene as of right), for a comparable rationale.

■ Assuming arguendo that the practical effect of the disposition of this particular litigation would be sufficient for intervention as of right, the intervenors' motion is untimely. Most recently the Supreme Court stated, in considering the appropriate disposition of a motion to intervene pursuant to Rule 24(a)(2), that "[t]he critical inquiry . . . is whether in view of all the circumstances the intervenor acted promptly . . . . Cf. *NAACP v. New York*, 413 U.S. 345, 366, 93 S.Ct. 2591, 37 L.Ed.2d 648."[4] *United Airlines Inc. v. McDonald*, 432 U.S. 385, 395, 97 S.Ct. 2464, 2470, 53 L.Ed.2d 423 (1977). Unlike the intervenor in *United Air Lines* who had reason to believe that her interests were being adequately protected throughout the litigation and who filed her motion to intervene promptly upon it becoming apparent that her interests would no longer be protected, the proposed intervenors in this case knew or should have known from the time this litigation was commenced that the ultimate disposition of these proceedings might well effect the interests which they now seek to protect. Nonetheless, they chose to remain inactive and ignored this litigation until approximately two and one half years after its commencement, long after various alternative settlement possibilities had been fully explored. Finally, any claim on the part of these proposed intervenors that their dilatory action in regard to this litigation was the result of their belief that their claimed interests were being protected by defendants is untenable. There is simply no duty on the part of any of the defendants to protect against the alleged effect that the settlement agreement will have upon the interests claimed by these proposed intervenors.

■ The only interest that petitioners assert is an apprehension that if the outcome of the litigation, whether by settlement or otherwise, results eventually in the construction of any new low cost housing in or near the vicinity of petitioners' various places of abode, it will somehow adversely effect their "quality of life" and depreciate real estate values as to those petitioners who may own their own homes. The present litigation in no way seeks the construction of any type of housing that does not comply fully with all valid zoning, building, fire and safety codes, rules and regulations. The argument that low cost housing, in and of itself, would cause any legal harm or damage to petitioners is totally rejected. The plain, unambiguous objective of petitioners is to prevent new low cost housing in their neighborhood. The present litigation seeks only compliance with statutory mandates of Congress by governmental and municipal bodies.

For all of the foregoing reasons, to the extent that the petition might be deemed a petition for permissive intervention under Fed.R.Civ.P. 24(b), as a discretionary intervention, the petition was likewise denied.

Because I found no legal merit in petitioners' attempt to intervene, and no legal harm to petitioners irrespective of the outcome of the litigation, the petition filed by the same petitioners to stay all proceedings, including any continuing settlement negotiations, pending outcome of the appeal from my order denying intervention, was also denied.

This memorandum is filed for the purpose of explaining the denial of the petition to intervene and to stay proceedings pending appeal of such denial.

---

4. The District Court for the Eastern District of Pennsylvania, citing *NAACP v. New York*, 413 U.S. 345, 365–368, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973), stated that "[w]hen the motion is advanced at such a late stage in the proceedings, the test for timeliness is whether the proposed intervenors knew or should have known of the pendency of the action at an earlier time, and should therefore have acted to protect their interests sooner . . . ." *Mack v. General Electric Co.*, 63 F.R.D. 368, 369 (E.D. Pa.1974), *aff'd*, 535 F.2d 1247 (3d Cir. 1976).