See also, D.C., 383 F.Supp. 420.

**Elmer Dave JONES, Jr., et al.**

v.

**UNITED GAS IMPROVEMENT CORPORATION and Gas Fitter-Utility Employee Local Union No. 600.**

**Civ. A. No. 73–2485.**

United States District Court,
E. D. Pennsylvania.

Dec. 5, 1975.

Michael Cox, Howard L. Schambelan, Philadelphia, Pa., for plaintiffs.

Mark S. Dichter, Richard P. Brown, Jr., Joseph I. Goldstein, Philadelphia, Pa., for United Gas Improvement Co.

Glenn V. Whitaker, Washington, D. C., Warren J. Borish, Philadelphia, Pa., for Local Union 600.

## OPINION AND ORDER

FOGEL, District Judge.

William S. Pollard seeks leave to intervene in a class action suit involving alleged racial discrimination in hiring and employment practices. We find that petitioner has not shown the requisite danger of impairment of his interests to require intervention of right under Rule 24(a) of the Federal Rules of Civil Procedure (FRCP), nor has he shown the existence of common questions of law or fact which would justify permissive intervention under Rule 24(b) of the FRCP; we arrive at this conclusion, among other reasons, because of the present posture of the case, and the resultant delay to the speedy and efficient disposition of the pending action now before us which would ensue, were we to grant the intervention which is sought. Accordingly, the petition for leave to intervene will be denied.

## I. HISTORY OF THE LITIGATION

Plaintiffs Elmer Dave Jones, Jr., and Frank McCracken brought an employment discrimination suit against defendant United Gas Improvement Corporation (UGI), based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII), and the Civil Rights Act of 1870, 42 U.S.C. § 1981 (§ 1981). The background and procedural history of the litigation were dis-

cussed in a previous decision in this matter, reported at 383 F.Supp. 420 (E. D.Pa.1974). In the Order accompanying that Opinion, we granted the motions for dismissal of the action which had been filed by defendants, Gas Fitter-Utility Employees Local Union No. 600, and System Council U–22 of the International Brotherhood of Electrical Workers, as to those parties. The dismissal was based in part on the lack of standing of the named plaintiffs to represent individuals who could have been harmed as a result of any actions on the part of those two unions, because:

> neither plaintiff could have suffered injury in fact from the racial discrimination with which the unions are charged, since neither has had any connection with the unions themselves nor with their designated bargaining units.

383 F.Supp. at 432.

In a second Opinion, filed on July 16, 1975,[1] we joined Clifford Anderson as a plaintiff in the action, and joined Local 600, Gas Fitter-Utility Employees Union, as an additional defendant. We also made a class determination and certified the matter as a class action pursuant to Rule 23(b)(2) of the FRCP:

> the class to consist of all black persons who unsuccessfully sought employment at the Reading and Temple facilities of the United Gas Improvement Corporation from April 8, 1971 (under Title VII of the Civil Rights Act of 1964, as amended), or November 1, 1967 (under 42 U.S.C. § 1981), until the present, or who are presently employed or have been employed at the Reading and Temple facilities of the United Gas Improvement Corporation since April 8, 1971 (under Title VII of the Civil Rights Act of 1964, as amended), or November 1, 1967 (under 42 U.S.C. § 1981), or who may seek employment or become employed at the Reading and Temple facilities of the United

Gas Improvement Corporation in the future, said class to exclude past, present, and future employees in the "exempt" classification, that is, managerial employees.

Order of July 16, 1975, ¶ (3).

The decision to join Anderson was based upon the following conclusion:

> . . . we are satisfied that it is appropriate to exercise our discretion in a manner which will enable Anderson to become a party to this litigation as a plaintiff. There is no doubt that Anderson's claim, based upon alleged racial discrimination directed at him as an employee, *poses questions of law and fact in common with those of the underlying action of the other plaintiffs. Moreover, at this stage of the proceedings, the addition of Anderson as a party will not delay or prejudice the rights of the original parties to this action.*

68 F.R.D. at 5 (emphasis added).

## II. INTERVENTION

### A. *General Rules*

■■ Intervention in a federal court suit is governed by Rule 24 of the FRCP. Whether intervention is claimed of right or as permissive, *the preliminary question is whether the application is "timely".* If it is untimely, intervention should and must be denied. *NAACP v. New York,* 413 U.S. 345, 365, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973). Timeliness is to be determined from all of the circumstances of the case, and the determination is one that is within the discretion of the court which has the responsibility for the ultimate disposition of the litigation. *Id.* at 366, 93 S.Ct. 2591.

If intervention is claimed as a matter of right under Rule 24(a), the second-level question is whether in fact:

> the applicant claims an interest relating to the . . . transaction which

---

1. *Jones v. U.G.I.,* 68 F.R.D. 1 (E.D.Pa.1975).

is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Rule 24(a). This question must then be broken down into its three subsidiary component parts: *First*: is there an interest in the transaction? *Second*: is that interest such that the applicant may be impeded in protecting it because of the disposition of this case, if he is not a party to it; and *Third*: is the interest one that is not adequately represented by others? *Nuesse v. Camp*, 128 U.S. App.D.C. 172, 385 F.2d 694, 699 (1967); *Edmondson v. Nebraska ex rel. Meyer*, 383 F.2d 123, 126 (8th Cir. 1967).

■ If, on the other hand, permissive intervention is sought, the second-level question is whether the

applicant's claim or defense and the main action have a question of law or fact in common.

Rule 24(b). There is also a third level of direction to the court:

In exercising its discretion the court shall consider whether the intervention wil *unduly delay or prejudice* the adjudication of the rights *of the original parties*.

Rule 24(b) (emphasis added). The components of this inquiry are: (1) the existence of a question of law or fact in common with main action; (2) the effect of intervention with respect to delay or prejudice to the rights of the original parties; and (3) the balance of such delay or prejudice, if it would occur, against the weight of the benefits to be derived from intervention. *See Allen v. County School Board of Prince Edward County*, 28 F.R.D. 358, 363–64 (E.D. Va.1961); *Jewell Ridge Coal Corporation v. Local No. 6167 UMW*, 3 F.R.D. 251, 254–55 (W.D.Va.1943).

Finally, since this is a class action, the following portions of Rule 23(d) also are relevant:

[T]he court may make appropriate orders: . . . (2) requiring . . . for the fair conduct of the action, that notice be given in such manner as the court may direct . . . of the opportunity of members . . . to intervene and present claims or defenses, or otherwise to come into the action; (3) imposing conditions on the representative parties or on intervenors . . . ..

This provision gives the court the opportunity to monitor the quality of representation and the conduct of the action, should it determine that the rights of some class members are not being protected adequately. 3B J. Moore, Federal Practice ¶ 23.90 [2] (2d ed. rev. 1975).

Within this legal framework, we now turn to the facts of the case at bar, for a resolution must be bottomed upon the facts of each particular action; glittering generalities provide no solution. *See NAACP v. New York*, 413 U.S. 345, 366, 93 S.Ct. 2591 (1973).

**B.** *Timeliness*

■ In the first instance, we have determined, upon an analysis of all of the facts and factors of this complex litigation, that *this* petition to intervene is not timely, under all the circumstances of the action. Suit was filed in November, 1973. System Council U–22 was dismissed as a defendant on September 25, 1974. Class certification occurred on July 16, 1975. Substantial discovery has taken place since the certification date, including depositions of some of defendant U.G.I.'s key personnel. The addition of parties, who have not participated in the class certification issue, or in the discovery process to date, would require substantial repetition of discovery which has already been completed. We need not decide what our position would have been if Mr. Pollard's inter-

vention had been proposed at the same time as that of Mr. Anderson, because the circumstances have altered so materially since that date.

### C. *Intervention of Right*

■ The factors which persuade us that the petition is untimely, also convince us that Mr. Pollard's request does not satisfy the other requirements for intervention under Rule 24(a) or (b) of the FRCP. With respect to the argument for intervention of right, Mr. Pollard has failed to show that his ability to protect his interest in the alleged racial discrimination of U.G.I. will be impaired or impeded, or that his interest is not adequately represented by existing parties. By the class certification Order of this Court, the action has been confined to the present parties. There will not be any effect upon Mr. Pollard or upon his potential fellow class members as a result of any decision of this Court. Plaintiffs in the instant action seek both injunctive and monetary relief; such relief, if granted, is not inconsistent with any remedies sought by Mr. Pollard in another suit. *His claim states an independent cause of action; no statute of limitations has run; and therefore he may sue U.G.I. independently.* Such an action would rest on its own piling, and irrespective of the outcome of this case, Mr. Pollard and any persons who would qualify as members of the class he represents, could pursue that action, unfettered by the outcome of this case. We are informed that his counsel in such a suit would be the same attorneys who represent plaintiffs in this case, a fact which precludes any questions with respect to the adequacy of counsel in the matter. Furthermore, Mr. Pollard's membership in a union which (1) *is separate and distinct from the present defendant union,* (2) *exists at different facilities of U.G.I. from those involved in this action,* and (3) *is a party to collective bargaining agreements which differ from the contracts*

*presently before us,* supports the conclusion that he has no significant interest in the particular transactions which are the subject matter of this litigation within its present contours. Under such circumstances, the adequacy of representation of the different claims of the intervenor by the plaintiffs in this action simply is not a relevant issue. Mr. Pollard therefore is not entitled to intervene as a matter of right.

### D. *Permissive Intervention*

■ Permissive intervention under Rule 24(b) will also be denied. The factors which we have discussed with respect to the Rule 24(a) claim dictate a conclusion that the common factual or legal questions are insignificant compared to the distinctions between Pollard's claims and those of plaintiffs Jones and Anderson. The expansion of the action to other facilities of U.G.I. beyond Temple and Reading, the need to consider different collective bargaining agreements for each additional facility, and the inclusion of additional personnel who allegedly are the architects of the policies that result in alleged racial discrimination would involve factual and legal questions that have not been considered by this Court, and which we need not consider if Mr. Pollard is not permitted to intervene.

We recognize that almost any intervention can result in increasing the scope of the litigation. However, expansion of the parameters of this action is sought at a time when, as it has been noted, exhaustive and extensive discovery proceedings have been engaged in by both sides; moreover, the case is well on the way to trial and a final determination. A vast number of the witnesses already deposed would have to be deposed again; a considerable number of additional depositions would have to be obtained in order to provide a solid foundation for the trial of the matter in its expanded form; documentary discovery would be increased signifi-

cantly; and the class certification might have to be reviewed in light of changes in the class structure, due to the addition of other parties and the concomitant broadening of the spectrum of issues. All of these changes would necessarily have the effect of substantially delaying progress in this matter, insofar as it relates to the present parties. This litigation, as noted, was commenced in November, 1973. For the reasons outlined in the two previous opinions in this case, *supra*, necessary time and effort had to be expended in order to properly shape and fashion the issues. We do not believe that it would be an appropriate exercise of our discretionary powers if we were to require the present parties, who have been proceeding diligently, to be further delayed in connection with the ultimate disposition of the matter. Intervention under Rule 24(b) therefore will not be permitted.

### E. *Intervention in a Class Action*

█ Two final points must be considered: *First*: in our Order which delineated the scope of the class, we excluded management personnel, past, present and future, from the reach of this action. Mr. Pollard's proposed complaint in intervention would seek to reinstate aspects of the original complaint relating to discrimination against management and potential management personnel. Such claims are distinctly different from those before us in the case as it is presently constituted. It is an appropriate exercise of our discretion under Rule 23 (d) of the FRCP to refuse to permit these issues to be engrafted upon this matter at this time, particularly when such intervention would result in material alterations of the factual and legal issues as they have now been distilled after considerable efforts by all of the parties. *Second*: The same question of adequacy of representation exists in connection with Rule 23(d) of the FRCP as in a review of this issue under Rule 24(a) of the FRCP. As noted before in our discussion relating to intervention of right under Rule 24(a), the proposed intervenor's counsel are the same counsel who are representing the parties before us. Clearly, nothing would be gained with respect to our ability to monitor the performance of counsel for the class from such intervention, under these circumstances. Intervention therefore is inappropriate under Rule 23(d).

### III. PERMISSIVE JOINDER

The petition to intervene also proposed joinder under Rule 20 of the FRCP (Permissive Joinder). However, this suggestion was not briefed by either party, nor was any argument submitted at the conferences we held in connection with the petition. We will therefore consider this ground to have been withdrawn by petitioner. In any event, it would not have caused him to prevail, given the other factors already cited.

An Order denying leave to intervene will issue accordingly.