Sam E. BROWN and Erma Jean
Brown, Appellants,

v.

Freeman WRIGHT, Appellee.

No. 77–1377.

United States Court of Appeals,
Ninth Circuit.

Nov. 13, 1978.

Rehearing Denied Dec. 26, 1978.

James A. Parrish (argued), of Parrish
Law Office, Fairbanks, Alaska, for appellants.

Stephen Cooper, Asst. U. S. Atty. (argued), Fairbanks, Alaska, for appellee.

Before WRIGHT, GOODWIN and ANDERSON, Circuit Judges.

PER CURIAM:

Sam Brown was injured through the alleged negligence of a fellow workman and sued him for damages. The trial court found in Brown's favor, but upon a defense motion set aside the finding of liability and granted a new trial. The second trial produced a judgment for the defendant, and the plaintiffs appeal. We affirm.

Brown was injured at Eielson Air Force Base near Fairbanks, Alaska, when a chunk of ice fell on him from the roof of a building. Brown was employed by the United States Government as a heavy equipment operator at the base. Brown and his wife commenced a tort action in the Alaska state court against Freeman Wright, the custodian of the building. Wright was also a government employee. The Browns alleged that Wright's negligent performance of his custodial duties had resulted in Brown's injuries.

The case was removed to federal court under 28 U.S.C. § 1442(a)(1). The parties stipulated to a court trial on the issue of liability only. Wright was represented by the United States Attorney's office. Five days before the trial, the defendant's assigned government lawyer notified the Browns' lawyer that he intended to call two defense witnesses whose names had not been included on the witness list filed earlier pursuant to local rule. The plaintiffs' attorney warned that he would object to testimony by these new witnesses.

After the plaintiffs had presented their case and rested, and after the usual defense motions, upon which rulings were deferred, the defense counsel made his opening statement and then called the base engineer as his first witness. The plaintiffs objected on the ground that the name of the witness did not appear on the witness list as required by Local Rule 11. The court sustained this objection. The defense rested.

One week after the trial, the district judge entered judgment in favor of plaintiffs on the issue of liability. In a memorandum accompanying this judgment, the trial judge criticized the representation of the defendant by the U. S. Attorney's office and invited that office to file a motion for a new trial within 10 days under Fed.R.Civ.P. 59.

The U. S. Attorney's office responded by filing several motions, including one for a new trial. The trial judge granted the new trial motion, vacated the judgment and ordered his earlier memorandum accompanying the vacated judgment stricken.

At the second trial, both the previously excluded witnesses testified that the defendant, Wright, had no duty to inspect for accumulation of ice and snow over the door of the building at which Brown was injured. At the end of the trial, the court entered judgment for the defendant.

Rule 59 of the Federal Rules of Civil Procedure provides;

"(a) *Grounds.* A new trial may be granted to all or any of the parties and on all or part of the issues * * * (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

\*      \*      \*      \*      \*      \*

"(d) *On Initiative of Court.* Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party. After giving the parties notice and an opportunity to be heard on the matter, the court may grant a motion for a new trial, timely served, for a reason not stated in the motion. In either case, the court shall specify in the order the grounds therefor.

"(e) *Motion to Alter or Amend a Judgment.* A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

The Browns argue, in effect, that the grant of a new trial was improper in this case because (1) the defendant's new trial motion did not set forth any ground which justified a new trial under Rule 59(a)(2), and (2) the record as a whole does not reveal any ground which justified the court's order of a new trial on its own initiative under Rule 59(d).

On March 5, 1976, ten days after the entry of the first judgment, the U. S. Attorney's office filed a document entitled "MOTION FOR RECONSIDERATION OF JUDGMENT; IN THE ALTERNATIVE, MOTION FOR THE COURT TO SET FORTH ITS FINDINGS OF FACT; MOTION FOR NEW TRIAL AND PETITION TO HOLD PORTION OF ORDER IN ABEYANCE". Attached were several memoranda.

In a memorandum in support of the motion to "reconsider" the judgment, the defendant argued at length that the plaintiffs

had failed to prove the elements of their case. In a separate memorandum in support of the new trial motion, the defendant stated that "in reviewing the record of proceedings thus far, he wishes to introduce additional evidence to assist the court in its determination of issues presented therein".

■ The Browns claim, correctly, that the defendant's desire to introduce additional evidence after losing the case did not constitute a proper ground for granting a new trial.

There are three grounds for granting new trials in court-tried actions under Rule 59(a)(2): (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence. 6A *Moore's Federal Practice* ¶ 59.07 at 59–94.

■ Although ineptly drafted, the motions and memoranda filed by the defendant can be considered as a whole. When so considered, these papers presented grounds for a new trial. In *Pan American Realty Trust v. Twenty One Kings, Inc.*, 297 F.Supp. 143 (D.V.I.1968), *aff'd per curiam*, 408 F.2d 937 (3d Cir. 1969), a district court treated a similar "motion for reconsideration" as a motion for a new trial under Rule 59(a). In that case, the motion was filed after the judge had entered judgment for the plaintiffs in a contract action tried before the court. There, as in this case, the defendant argued that the judge had made a mistake of law and sought reversal of the judgment. The district judge in *Twenty One Kings* eventually denied the motion, but he allowed it to be argued and considered it on its merits on the theory that so long as a party makes a timely motion which states good grounds for relief by motion, the court will entertain it and grant relief if appropriate. We agree. The "motion for reconsideration of judgment", with its supporting memorandum in this case should be viewed as a motion for a new trial.

In his memorandum in support of the "motion for reconsideration", the defendant argued persuasively that the plaintiffs introduced insufficient evidence at the first trial to prove that the defendant had a duty to inspect for snow and ice accumulation over exterior doors, or that the defendant breached this duty. This supporting memorandum can be construed as advancing the argument that the trial judge had made a "manifest error of law" in entering judgment for the plaintiffs.

When we look at its substance instead of its form, counsel's memorandum manages, barely, to present a good claim of manifest error of law. The trial judge's grant of a new trial therefore can be affirmed.

■ Under a narrow reading of the rules, a court might hold that Wright was not entitled to a new trial because his memorandum in support of his correctly designated motion for a new trial did not repeat the grounds asserted in his memorandum in support of his misdirected "motion for reconsideration of judgment". But such an application would defeat the purpose of Rule 59, which allows the trial judge substantial authority to grant new trials in the interests of justice.

We do not reach the alternative ground urged by the defendant in support of the order granting a new trial under Rule 59(d). The trial court did not act within ten days after the entry of the first judgment, and did not give the parties an opportunity to be heard on the proposal to grant a new trial on grounds other than those asserted in the motion. The plaintiffs therefore question whether the defendant can rely upon Rule 59(d) to sustain the order granting the new trial. We have concluded that the new trial could be granted under Rule 59(a). It is not necessary, therefore, to attempt to justify the order under Rule 59(d).

Affirmed.