In re DEVAULT MANUFACTURING COMPANY, Bankrupt.

JEFFERSON BANK, Plaintiff,

v.

DEVAULT MANUFACTURING COMPANY, Defendant.

Bankruptcy No. 79–620EG.

United States Bankruptcy Court, E. D. Pennsylvania.

June 5, 1980.

Paul R. Rosen, Michael Minkin, Spector, Cohen, Hunt & Rosen, Philadelphia, Pa., for plaintiff.

Nathan Lavine, Adelman & Lavine, Philadelphia, Pa., Hope, Portnoff & Grant, Paoli, Pa., for the bankrupt.

Martin J. Aronstein, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for the creditors' committee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

On March 28, 1980, we entered an order in favor of the above plaintiff ("Jefferson"), allowing its complaint in reclamation against the defendant ("Devault"). This order sparked the two motions which are now before us: (1) the motion of Devault for relief from our order and for reconsideration of our opinion and order in light of a supplemental stipulation filed after the entry of our order, and in light of additional evidence sought to be offered, and (2) the motion of the creditors' committee to intervene in the reclamation proceeding and to reopen that proceeding for the purpose of offering additional evidence. We need not rule on the right of Devault to have the case reopened because Jefferson has agreed to the reopening so that we may reconsider the case in light of the supplemental stipulation. But, for the reasons hereafter articulated, we will deny Devault's motion for leave to present evidence in addition to said stipulation. However, we will grant the motion of the creditors' committee to intervene and to reopen the case for the purpose of offering additional evidence.[1]

The facts of this case are as follows:[2] On April 10, 1979, Devault filed a petition for an arrangement under Chapter XI of the Bankruptcy Act.[3] Devault continued its op- erations as debtor in possession[4] and able counsel with recognized expertise in the practice of bankruptcy law was appointed as Devault's attorneys. On June 15, 1979, Jefferson filed a complaint in reclamation against Devault, alleging that it held a valid security interest in equipment of Devault. In its answer, Devault asserted that the creation of Jefferson's security interest was a voidable preference pursuant to section 60 of the Act.[5] At the trial on January 31, the parties submitted a stipulation of facts and offered no other evidence.

In an opinion and order dated March 28, 1980, we concluded that, since the stipulation of facts submitted by the parties contained no evidence of Devault's insolvency at the time of the creation of Jefferson's security interest or of Jefferson's knowledge of that insolvency (two facts essential to the finding of a voidable preference), we would allow Jefferson to reclaim its collateral.

During the week following the issuance of our opinion and order, several conferences were held in chambers that which the attorneys for Devault, Jefferson, and the creditors' committee were present. Devault's counsel contended at those conferences that a supplemental stipulation of facts, which contained evidence pertinent to the issues of insolvency and Jefferson's knowledge of that insolvency, had been prepared by him in February, 1980, and had

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. This statement of facts is based on the stipulation entered into by Devault and Jefferson on January 31, 1980; and on the respective depositions of counsel for Devault and counsel for Jefferson Bank, taken on April 28, 1980; and on the affidavit of counsel for the creditors' committee, filed May 6, 1980.

3. The Bankruptcy Act has been superceded by the Bankruptcy Code as of October 1, 1979. However, for petitions filed before that date, the provisions of the Act still govern. Bankruptcy Reform Act of 1978, Pub.L.No. 95–598, § 403, 92 Stat. 2683 (1978).

4. Pursuant to Rule 11–18(b) of the Rules of Bankruptcy Procedure.

5. Section 60 of the Act provides in part:

a. (1) A preference is a transfer, as defined in this Act, of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this Act, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class.

.    .    .    .    .

b. Any such preference may be avoided by the trustee if the creditor receiving it or to be benefitted thereby or his agent acting with reference thereto has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent.

11 U.S.C. § 96a & b (1978).

been sent by him to Jefferson's attorney for signature and filing. Devault's counsel further stated that he had been unaware, until he received our opinion, that the supplemental stipulation had not been filed. On the other hand, the attorney for Jefferson stated that no agreement had been reached with respect to filing the supplemental stipulation. However, Jefferson's attorney stated, at the conference, that he would not take advantage of his opponent's mistake and would file the supplemental stipulation at that time and agree that we reconsider our March 28 opinion in light of the facts contained in the supplemental stipulation. Counsel for the creditors' committee stated that he would file a motion to intervene on behalf of the committee because he had certain evidence which he had given to Devault's counsel prior to the trial of this case, but which, through the negligence of Devault's counsel, had not been presented to this court. Counsel for the creditors' committee further contended that the evidence he had would prove both insolvency and knowledge of insolvency and that, without the opportunity to present that evidence, the unsecured creditors of Devault would be severely prejudiced.

Devault subsequently filed a motion for relief from our order of March 28, 1980, and for the reopening of the case with the opportunity to present additional evidence, and the committee filed a motion to intervene for the purpose of offering new evidence. A hearing on these motions was held on May 15, 1980. At the conclusion of that hearing, Devault filed a consent to be adjudicated a bankrupt and an order of adjudication was duly entered.

Since both Devault and Jefferson have agreed that we should reconsider our opinion of March 28 in light of the recently filed supplemental stipulation of facts, the issue before us is whether we should allow the introduction of additional evidence as requested by both Devault and the creditors' committee in their motions.

**6.** Fed.R.Civ.P. 59(a)(2).

1. *Devault's Motion for Relief from Order and Reopening of Case with an Opportunity to Present Additional Evidence.*

In its motion for relief and reopening, Devault relies upon Rules 923 and 924 of the Rules of Bankruptcy Procedure which provide that Rules 59 and 60 of the Federal Rules of Civil Procedure apply.

The applicable provisions of Rule 59 are: Rule 59. *New Trials; Amendments of Judgments.*

(a) *Grounds.* A new trial may be granted to all or any of the parties and on all or part of the issues . . . (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.[6]

■ According to interpreting case law, there are three grounds for granting a new trial under Rule 59(a)(2): (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence. *See e. g., Brown v. Wright,* 588 F.2d 708 (9th Cir. 1978), *citing* 6A *Moore's Federal Practice* ¶ 59.07 at 59–94. In the instant case, Devault does not argue that, on the facts which we had before us, we committed any manifest errors of fact or law. Nor does Devault contend that the evidence it seeks to present is newly discovered. Rather, the evidence which it seeks to introduce is evidence which Devault had before we made our decision but failed to monitor so that it became part of the record. Jefferson now having agreed to the admission of the supplemental stipulation of facts and having agreed that the court may reopen and reconsider the case in light of all of the stipulated facts, we fail to find any merit in Devault's motion that it now be granted leave to introduce additional evidence. As

the United States Court of Appeals for the Ninth Circuit stated in *Brown v. Wright, supra,* "the defendant's desire to introduce additional evidence after losing the case did not constitute a proper ground for granting a new trial." [7]

Thus, we conclude that there is no reason to grant Devault's motion for leave to introduce additional evidence under Rule 59 of the Federal Rules of Civil Procedure.

Devault also relies upon Rule 60 of the Federal Rules of Civil Procedure as a basis for its motion for relief from our order and reconsideration of our opinion with the introduction of additional evidence. Rule 60 provides, in relevant part:

Rule 60. *Relief from Judgment or Order*

(b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment.[8]

■ The "mistake, inadvertence, surprise, or excusable neglect" which is at issue here is not the failure of the attorney for Devault to make sure that the supplemental stipulation had been filed—that has already been cured by the filing of that stipulation and the agreement by the parties that we should reconsider our opinion in light of that stipulation. Rather, the "mistake, inadvertence, surprise, or excusable neglect" which is at issue here is the failure of the attorney for Devault to offer at the trial of this case, any evidence that Devault was insolvent on the relevant date [9] or that Jefferson knew or had reasonable cause to believe that Devault was insolvent. These

essential facts were neither in the original stipulation nor in the subsequently filed supplemental stipulation. But such failure by Devault's attorney is not the type of mistake or neglect of which Rule 60(b)(1) speaks. Rule 60(b)(1) is addressed to the discretion of the court and is based on the desire of equity to do justice, it is not meant to relieve a party of the consequences of his own mistake or ignorance. *See, e. g., Bershad v. McDonough,* 469 F.2d 1333 (7th Cir. 1972); *United States v. Thompson,* 438 F.2d 254 (8th Cir. 1971); *Hoffman v. Celebrezze,* 405 F.2d 833 (8th Cir. 1969). In *Hoffman,* the United States Court of Appeals for the Eighth Circuit stated that "neither ignorance nor carelessness on the part of a litigant or his attorney will provide grounds for rule 60(b) relief." [10] And, generally, where the alleged mistake under Rule 60(b)(1) was the failure of a party to introduce certain evidence at trial which was then known and available to that party, courts will not allow the case to be reopened for the purpose of offering that evidence. *See, e. g., Bell Telephone Laboratories, Inc. v. Hughes Aircraft Company,* 73 F.R.D. 16 (D.Del.1976).

■ At the hearing on Devault's motion on May 15, 1980, the attorney for Devault offered an additional reason for allowing the submission of additional evidence. The argument of Devault appears to be that, by assenting to the reconsideration of the case in light of the supplemental stipulation, Jefferson has implicitly agreed to the reopening of the case for the taking of additional evidence or is otherwise estopped from arguing that the case may not be so reopened. We find no merit in this argument. While counsel for Jefferson agreed that we might reconsider the case in light of the supplemental stipulation, he objected to the tak-

---

7. 588 F.2d at 710.

8. Fed.R.Civ.P. 60(b)(1) & (6).

9. The supplemental stipulation states that Devault was insolvent sometime after March 2, 1979, when Jefferson paid a judgment to United Hydraulics Corporation. However, the relevant dates for our purposes were March 21 and

22, 1979, and no evidence was introduced to show that Devault was insolvent on those dates or that there had been no change of circumstances from the time it was insolvent (as stipulated to) to those dates.

10. 405 F.2d at 835.

ing of additional evidence. Such action by Jefferson certainly does not amount to an agreement that new evidence (in addition to that contained in the supplemental stipulation) may be introduced, nor does it estop Jefferson from arguing that such additional evidence may not be offered.

2. *The Creditors' Committee's Motion to Intervene for the Purpose of Offering Additional Evidence.*

The motion to intervene of the creditors' committee is based on Rule 724 of the Rules of Bankruptcy Procedure which incorporates Rule 24 of the Federal Rules of Civil Procedure. Rule 24 states in applicable part:

> (a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.[11]

[6] It is clear that the creditors' committee has an interest in the property which is the subject of the present action. The committee represents the unsecured creditors of Devault who have an interest in seeing that the security interest of Jefferson be avoided by Devault. Initially, its interest was in assuring that a successful plan was proposed and funded by Devault. But, with Devault's adjudication as a bankrupt, the committee has an even more compelling interest since the avoidance or nonavoidance of Jefferson's security interest will directly affect the amount which the creditors it represents will receive on their claims.

We also conclude that the adverse disposition of Jefferson's complaint in reclamation without the presentation of all relevant evidence will directly and practically impair the ability of the creditors' committee, and the unsecured creditors individually, to protect their interests. If the committee is not allowed to intervene in the present action, it and the unsecured creditors will be unable to attack Jefferson's security interest by submitting relevant evidence.[12] Consequently, the committee's interest, in insuring that as much money as possible comes into the estate so that a higher percentage of unsecured creditors' claims will be paid, will be impaired, if it is not allowed to intervene and offer additional evidence.

Finally, we must conclude that the interests of the creditors' committee and, hence, of the unsecured creditors, were not adequately represented in the reclamation proceeding. It is contended that Devault's counsel failed to offer available evidence of all of the various elements required to prove that Jefferson's security interest was a voidable preference. The strategy of Devault's attorney to submit this case on a stipulation of facts might be unassailable, but his execution of that strategy was less than exemplary. As noted in *Martin v. Kalvar Corporation*, 411 F.2d 552 (5th Cir. 1969), one of the grounds for finding inadequate representation is that the representative fails in the fulfillment of his duty to represent. *See also, In re American Beef Packers, Inc.*, 457 F.Supp. 313 (D.Neb.1978); *Power and Light Company v. Belcher Oil Company*, 82 F.R.D. 78 (S.D.Fla.1976); 7A C. Wright & A. Miller, *Federal and Procedure: Civil* § 1883 (1972). Consequently, we must conclude that the interest of the creditors' committee was not adequately protected by any party to Jefferson's complaint in reclamation.

■ The final requirement before one may intervene under Rule 24(a)(2) is that the motion to intervene must be "timely".

---

11. Fed.R.Civ.P. 24(a)(2).

12. We note in this regard that the creditors' committee has demonstrated, through the affidavit of its counsel, that it has concrete evidence to present to this court and that its

motion to intervene is not a frivolous motion designed merely to delay this action. Consequently, if it is allowed to intervene, the committee will have a chance by presenting that evidence, to protect its interest.

The question of the timeliness of a motion to intervene must be decided by the trial court in the exercise of its jurisdiction. *See. e. g., McClain v. Wagner Electric Corporation,* 550 F.2d 1115 (8th Cir. 1977). All the factors of the case should be considered, including how far the litigation has progressed, the length of the delay in moving to intervene, the reason for the delay, and the prejudice that the parties to the action will suffer because of that delay. *Id. See also, Nevilles v. EEOC,* 511 F.2d 303 (8th Cir. 1975).

Generally, a motion to intervene after judgment will be looked upon by the courts "with a jaundiced eye" [13] and will require a strong showing by the proposed intervenor that intervention is necessary to protect an interest that cannot otherwise be protected.[14] However, in those cases in which a motion to intervene was found to be untimely, the reason cited by the courts most often for denying the motion to intervene was that the proposed intervenor had had ample time and opportunity to intervene earlier before judgment, but had failed to do so.[15] Where the proposed intervenor had *not* had an opportunity to intervene earlier, the court may allow him to intervene after judgment.[16] This is because the "timeliness of intervention is to be judged from the time when intervention was first appropriate." [17]

In the instant case, the creditors' committee did not have the time and opportunity to intervene earlier because it could not have convinced us any earlier that its interests were not being adequately represented. The firm of attorneys representing Devault is one of the most able and respected bankruptcy firms in this area and, until this case, we would not have concluded that its representation of a debtor would not also have constituted an adequate representation of the debtor's unsecured creditors in a case in which there existed a mutuality of interests. It is only in the instant case that such evidence of inadequate representation of those interests surfaced and the attorney for the creditors' committee acted promptly in moving to intervene once it learned of the need to do so. Thus we conclude that the creditors' committee did not delay in moving to intervene and, consequently, its motion to intervene is not untimely.

Having met all of the requirements of Rule 24(a)(2) of the Federal Rules of Civil Procedure, the motion to intervene of the creditors' committee will be granted.

The creditors' committee, however, seeks to do more than simply intervene. It seeks an opportunity to offer additional evidence on the issues of Devault's insolvency at the time of the creation of Jefferson's security interest and Jefferson's reasonable cause to know of that insolvency. We will treat this request as one under Rules 59 and 60 of the Federal Rules of Civil Procedure as incorporated by Rules 923 and 924 of the Rules of Bankruptcy Procedure. *See* our discussion of this issue in Part 1 of this opinion.

We find that the creditors' committee has not demonstrated any grounds for a new trial pursuant to Rule 59(a)(2) because,

---

**13.** *McDonald v. E.J. Lavino Co.,* 430 F.2d 1065, 1072 (5th Cir. 1970).

**14.** *See, e. g., United States v. Associated Milk Producers, Inc.,* 534 F.2d 113 (8th Cir. 1976); *Alaniz v. California Processors, Inc.,* 73 F.R.D. 289 (N.D.Cal.1976); *Commonwealth of Pennsylvania v. Rizzo,* 66 F.R.D. 598 (E.D.Pa.1975), aff'd, 530 F.2d 501 (3d Cir.), *cert. denied,* 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1976); *Firebird Society of New Haven, Inc. v. New Haven Board of Fire Com'rs,* 66 F.R.D. 457 (D.Conn.1975); *Minersville Coal Company, Inc. v. Anthracite Export Ass'n,* 58 F.R.D. 612 (M.D. Pa.1973).

**15.** *See, e. g., United States v. United States Steel Corporation,* 548 F.2d 1232 (5th Cir. 1977); *Commonwealth of Pennsylvania v. Rizzo,* 530 F.2d 501 (3d Cir.), *cert. denied,* 96 S.Ct. 2628 (1976); *Hoots v. Commonwealth of Pennsylvania,* 495 F.2d 1095 (3d Cir. 1974); *Dodson v. Salvitti,* 77 F.R.D. 674 (E.D.Pa.1977); *Jones v. United Gas Improvement Corp.,* 69 F.R.D. 398 (E.D.Pa.1975).

**16.** *See, e. g., McClain v. Wagner Electric Corp.,* 550 F.2d 1115 (8th Cir. 1977); *McDonald v. E.J. Lavino Co.,* 430 F.2d 1065 (5th Cir. 1970).

**17.** *Walpert v. Bart,* 44 F.R.D. 359, 361 (D.Md. 1968). *See also, S.E.C. v. Bloomberg,* 299 F.2d 315 (1st Cir. 1962).

as we have previously stated, it is not contended that, on the facts which we had before us, we committed any manifest error of law or fact. Nor is there any assertion that the evidence sought to be introduced is newly discovered, i. e., that it was not known or available to the creditors' committee earlier.[18]

 We do find, however, that the creditors' committee has stated sufficient grounds for us to reopen the case pursuant to Rule 60(b)(1) or (6) of the Federal Rules of Civil Procedure.[19] We conclude that, pursuant to Rule 60(b)(1), the creditors' committee has demonstrated sufficient "mistake, inadvertence, surprise, or excusable neglect" to cause us to reopen the case for the taking of additional testimony. Unlike Devault, the creditors' committee has shown that the mistake or neglect in this case was *not* due to any fault of its own. The committee acted reasonably in providing Devault's attorney with all the evidence it had and in relying on him to present that evidence to the court. Further, any neglect on the part of the committee in monitoring the progress of the case was certainly excusable given the excellent reputation of Devault's attorney.

Even if we were to conclude, however, that there were not sufficient grounds under Rule 60(b)(1), we would have to conclude that there were sufficient grounds under Rule 60(b)(6), which allows a court to relieve a party from a judgment or order for "any other reason justifying relief from the operation of the judgment."[20] We are convinced, from the facts of this case, that justice and equity demand that we allow the creditors' committee to intervene and to introduce additional evidence because to deny it that right would result in a decision predicated on incomplete facts.

Consequently, while we will (as Jefferson agrees) reopen the case and reconsider the legal issue in light of the additional facts contained in the supplemental stipulation, we will deny Devault's motion to introduce additional evidence. But, for the reasons set forth above, we will grant the motion of the creditors' committee to intervene in the reclamation proceeding, and to reopen said proceeding for the purpose of introducing additional evidence.

---

18. It might be argued that the evidence was newly discovered in the sense that the creditors' committee, not being a party to the action at that time, did not have the opportunity to present the evidence to the court. However, it did have the opportunity, which it took, to present the evidence to a party to the action, which could have presented it to the court.

19. For the text of Rule 60(b)(1) & (6), *see* text at note 8 *supra*.

20. Fed.R.Civ.P. 60(b)(6).