### In re FLECK INDUSTRIES, INC., Debtor.

### TREFOIL CAPITAL CORPORATION, Plaintiff,

### v.

### FLECK INDUSTRIES, INC., Defendant.

Bankruptcy No. 81–04308K.
Adv. No. 81–1606K.

United States Bankruptcy Court,
E. D. Pennsylvania.

Jan. 26, 1982.

Howard T. Glassman, Philadelphia, Pa., for plaintiff.

Leonard P. Goldberger, Philadelphia, Pa., for Unofficial Committee of Unsecured Creditors.

Max Schwartz, Philadelphia, Pa., interim trustee.

A. B. Adelman, Philadelphia, Pa., for debtor/defendant.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on a motion to intervene in an adversary proceeding.[1] The plaintiff (Trefoil Capital Corporation) filed a complaint for relief from the automatic stay imposed by § 362 of the Bankruptcy Code. At the time of the filing of the complaint, a trustee had not yet been appointed. Several creditors,[2] (junior lienholders and members of an informal creditors' committee), moved to intervene in the action as well as requiring the joinder of the trustee as a necessary party defendant. The Court, in a separate Order, has ordered that the trustee be served with a copy of the complaint and has granted the trustee an appropriate opportunity to enter his appearance in this matter.

The Court, however, is still confronted with the issue of whether the movants should be permitted to intervene in the adversary proceeding. The motion was argued on December 30, 1981. Memoranda of Law have been submitted by the movants and the plaintiff, who is opposing intervention.

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. The movants are Kurt O. Bauer, Judith K. Wizdo, Alvin J. Ivers, and Wayne A. Farren.

Regarding intervention, Rule 24 of the Federal Rules of Civil Procedure (made applicable herein by Rule 724 of the Rules of Bankruptcy Procedure) provides in pertinent part:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action . . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The movants seek to intervene in this action to raise substantive defenses to the plaintiff's complaint for relief from the stay. Furthermore, the movants assert, in their memorandum of law, that they are junior lienholders. By holding such liens, their interests may not be protected in the within proceeding unless intervention is permitted.

The plaintiff strenuously objects to the proposed intervention. As a general matter, the plaintiff asserts that creditors do not have the right to participate in and be separately heard in proceedings against the estate. *In re American Fidelity Corporation,* 28 F.Supp. 462 (S.D.Calif.1939); *In the Matter of Yale Express Systems, Inc.,* 6 B.C.D. 25 (S.D.N.Y.1980). The trustee is the representative of all unsecured creditors and is responsible for acting on their behalf. *In re American Fidelity, supra; In re Nadler,* 8 B.R. 330 (Bkrtcy.E.D.Pa.1980).

In the instant case, the Court has directed the plaintiff to serve the trustee with the complaint and has given the trustee an opportunity to be heard. Plaintiff alleges that the trustee's opportunity to raise a defense provides the movants with adequate representation of their interest in accordance with F.R.Civ.P. 24. The plaintiff also asserts that a party seeking to intervene in an action has the burden of showing that his interest is not adequately represented. *Heyman v. The Exchange National Bank of Chicago,* 615 F.2d 1190, 6

B.C.D. 58 (7th Cir. 1980); *In re Devault Mfg. Co.,* 4 B.R. 382 (Bkrtcy.E.D.Pa.1980).

■ In this case, however, the interest of the movants and the trustee do not coincide. Although these parties hold unsecured claims, it is also alleged that they hold liens on the property against which relief from the stay is sought. The trustee would not have the same interest in property as secured creditors. Indeed, the trustee represents the secured creditors only through his capacity as the custodian of property which is encumbered. *In re American Fidelity, supra. In re Nadler, supra.* Clearly one who claims to have an interest, such as a lien, in property which is the subject of a complaint for relief from the stay imposed on a creditor of the debtor's has the right to intervene in that action and to be heard on the issue of the appropriateness of that relief. This is demonstrated by the fact that the automatic stay provisions of the Bankruptcy Code ("The Code") are as much for the benefit of the creditors as for the debtor's benefit. The legislative history to § 362(a) thus provides in part:

The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claimed in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.

H.R.Rep.No.95–595, 95th Cong., 1st Sess. 340 (1977); S.Rep.No.95–989, 95th Cong., 2d Sess. 49 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6296, 5835.

■ It is also necessary that a motion to intervene be made in a timely fashion. F.R.Civ.P. 24(a); *In re Devault, supra.* In considering whether an application is timely, the Court must consider factors such as: how far the litigation has progressed, the length of the delay, and the prejudice to the parties to the action. *In re Devault, supra; McClain v. Wagner Electric Corp.,* 550 F.2d

1115 (8th Cir. 1977); *Nevilles v. E.E.O.C.*, 511 F.2d 303 (8th Cir. 1975). The motion, in the instant case, was filed before the entry of a default judgment in this case. Such motion, having been made at the outset of the case, there seems little likelihood of prejudicing the rights of the plaintiff.

Therefore, the motion to intervene will be granted.

■ The intervenors filed a motion for a more definite statement contemporaneously with the motion to intervene. Upon examination of the complaint, the Court finds the allegations set forth therein to be sufficient. Therefore, the motion for a more definite statement will be denied. Pursuant to Rule 712 of the Bankruptcy Rules of Procedure, an answer must be filed within five (5) days of the entry of this Order. The Court will also set a hearing on the complaint for relief from the stay as expeditiously as possible, in order that the adversary proceeding not be unnecessarily delayed.