**In re Richard John TIPTON, Linda Ann Tipton, Debtors.**

**Richard John TIPTON and Linda Ann Tipton, Plaintiffs,**

v.

**TENNESCO, INC., First National Bank of Gatlinburg and Richard A. Sedgley, Trustee, Defendants.**

**Bankruptcy No. 3–80–01233.
Adv. No. 3–81–0001.**

United States Bankruptcy Court,
E. D. Tennessee.

Feb. 22, 1982.

---

Fowler & Robertson, John A. Walker, Jr., Knoxville, Tenn., for plaintiffs.

Kennerly, Montgomery, Howard & Finley, G. Wendell Thomas, Jr., Knoxville, Tenn., for defendant Tennesco, Inc.

CLIVE W. BARE, Bankruptcy Judge.

### I

In an adversary proceeding filed January 2, 1981, plaintiffs (hereafter Tipton or debtor), sought approval by this court of the sale free and clear of liens of a portion of the Tipton Terrace Mall property, Gatlinburg, Sevier County, Tennessee, specifically 21,500 square feet of land, to Raymond G. Guay, as agent for a limited partnership to be organized under the laws of the State of Tennessee. 11 U.S.C. § 363(b), (f).[1] Defendant, Tennesco, Inc., a lienholder, responded to the debtor's complaint and denied that plaintiffs were entitled to sell the property free and clear of its lien.[2] Trial was set for February 10, 1981, but upon request of the parties continued to May 12, 1981. On the latter date the parties indicated they hoped to resolve the issues in controversy and requested that the trial be stricken from the calendar, to be reset upon application of either party. When the parties were unable to compromise their differences, a trial was scheduled and was held on July 14, 1981. As a result of this trial, plaintiffs were instructed to prepare a Judgment authorizing the sale of the tract of property in the Mall to Raymond Guay. The proposed Judgment was submitted and thereafter discussed in open court by counsel for plaintiffs, defendant, and Mr. Guay. Changes in the proposed Judgment were agreed upon and were made in the proposed Judgment. In particular, counsel for the plaintiffs agreed to insert the last two sentences of Paragraph 1 of the Conclusions of Law and Judgment in lieu of language which the plaintiffs had theretofore proposed. The Judgment, as amended by the agreement of plaintiffs and the defendant, Tennesco, Inc., was entered on September 17, 1981.[3] On September 28, 1981, the plaintiffs and Guay filed a Motion to allow Guay an additional period of twenty days within which he would be permitted to pay

---

1. "(b) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

    .     .     .     .     .

"(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
    (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
    (2) such entity consents;
    (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of such interest;

    (4) such interest is in bona fide dispute; or
    (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. § 363(b), (f).

2. Tennesco asserts a lien against the whole of the Tipton Terrace Mall in an amount in excess of one and a half million dollars.

3. Upon motion of the plaintiffs, the caption of the adversary proceeding was amended to add Richard A. Sedgley as Trustee, the court having appointed Mr. Sedgley as Trustee on April 16, 1981. 11 U.S.C. § 1104.

to the Trustee the earnest money provided for in the Judgment. Movants averred that "purchaser and plaintiffs' [sic] need additional time to obtain assurances from potential lenders that additional wording does not create cloud upon the title to the property being purchased." The Motion was denied October 2, 1981.[4] On November 5, 1981, the plaintiffs filed with the court a Motion to Alter or Amend Judgment and attached thereto a proposed Amended Judgment. On February 3, 1982, the plaintiffs submitted to the court another proposed Judgment which differed substantially from the Judgment entered September 17, 1981, and the first proposed Judgment submitted November 5, 1981.

The last proposed Amended Judgment makes the following changes to the original Judgment:

(a) The purchase price is increased from $180,000 to $200,000;

(b) The original Judgment provided that it would be recorded with the Sevier County Register of Deeds. The proposed amended Judgment provides that it shall not be recorded. This is a change in a provision which was agreed upon between counsel for plaintiffs and defendant, Tennesco, Inc.

(c) In the proposed amended Judgment which was attached to the plaintiffs' Motion, Paragraph 2 of the Conclusions of Law and Judgment has been altered to provide that the security interest in the rentals which are to be pledged to Tennesco, Inc., are not a lien on the property and are inferior to any subsequent trust deeds and mortgages. In addition, instead of an affirmative requirement that the future holder of any deed of trust or mortgage agree to recognize the rights of tenants under leases whose rents are pledged to Tennesco, Inc., the proposed amended Judgment now only requires that Raymond Guay use his "best efforts" to obtain such a concession from such persons.

4. On July 23, 1981, Tennesco submitted an offer to the Trustee to purchase the property in question for $200,000, payable in cash within 10 days. The offer was irrevocable for a period of sixty days. On October 1, 1981, Tennesco's offer was extended to November 1, 1981, with the provision that in lieu of a cash payment of

In the proposed amended Judgment which was submitted by the plaintiffs on February 3, 1982, Paragraph 2 of the Conclusions of Law and Judgment was omitted entirely and in lieu thereof the plaintiffs have added Paragraph 4 which provides that Tennesco, Inc., will have a first security interest in rentals from certain tenants but further provides that such security interest is not a lien on the property and that Raymond Guay shall be required only to use his best efforts to obtain a provision from mortgagees that tenants under leases subject to such security interest shall not be disturbed by foreclosure of any mortgage or deed of trust affecting the property occupied by such tenants.

(d) In the proposed amended Judgment attached to plaintiffs' Motion, Paragraph 3 of the Conclusions of Law and Judgment has been altered to provide that the obligation of Raymond Guay to construct the proposed building and the further obligation to reconvey the property if such building is not constructed have been made personal obligations of Mr. Guay only and expressly do not affect any subsequent purchaser or mortgagee of the property, even if they purchase the property with notice of such obligations. In the proposed amended Judgment submitted by the plaintiffs on February 3, 1982, the original Judgment is further changed as follows:

(i) To enforce their right to require a reconveyance of the property the plaintiffs would be required to refund not only the $200,000 paid for the property with no deduction for earnest money (in the original Judgment, if a reconveyance was required the plaintiffs are entitled to retain the earnest money) but also all "costs, overhead, and profit of any improvement made on the property."

$200,000, Tennesco would reduce the current amount of its note and mortgage by $200,000. On October 1, 1981, Tennesco filed a Motion to permit the Trustee to sell the property to Tennesco. This Motion was also denied October 2, 1981.

(ii) Instead of having an option to acquire the property if the plaintiffs fail to do so for a price of $162,000, Tennesco, Inc., under the proposed amended Judgment, now has only a "first option to negotiate a purchase."

(e) Paragraph 5 of the original Judgment has been amended in both proposed amended Judgments to provide that the rentals of up to $100,000 per year for fifteen (15) years is not a lien or encumbrance on the property and therefore presumably the plaintiffs' right to such rentals could be cut off by a foreclosure by Mr. Guay's mortgagees.

(f) Paragraph 7 which was added to both proposed amended Judgments provides that notwithstanding any other provision of the Judgment the sale to Mr. Guay is not subject to any lien or encumbrance which may otherwise be set forth in the Judgment.

## II

Although plaintiffs' Motion is styled Motion to Alter or Amend Judgment, plaintiffs have requested the court to consider the Motion under Rule 60, Federal Rules of Civil Procedure, Relief from Order or Judgment. Plaintiffs concede they are barred from relief under Rule 59, New Trials; Amendments of Judgments, by the time limitations imposed by that rule.[5]

Rule 60(b) permits the court to modify a judgment "on such terms as are just" in the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud, misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated; or

(6) any other reason justifying relief from the operation of the judgment.

It is abundantly clear that plaintiffs cannot prevail under clauses (2), (3), (4), or (5) of Rule 60(b). The court, therefore, will consider only clauses (1) and (6).

A motion for relief from a judgment under Rule 60(b) is addressed to the discretion of the court. The cases clearly indicate, however, that a party cannot obtain relief under Rule 60(b)(1) simply because he is unhappy with the judgment.

Instead he must make some showing of why he was justified in failing to avoid mistake or inadvertence. Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law. Voluntary action by a party may estop him from seeking relief on the ground of mistake or excusable neglect. *Wright & Miller, Federal Practice and Procedure*, Vol. 11, § 2858, p. 170.

Tipton does not contend that relief is sought as the result of new and unforeseen conditions or new and unforeseen substantial changes. The proceeding was pending more than 8½ months before the agreed Judgment was entered. Even after the elapse of that period of time, Guay did not make the deposit required by the Judgment but instead sought an extension of time within which to make the deposit, which was denied. Certain rights were determined and fixed in the Judgment that was entered—a Judgment with which Tennesco was never fully satisfied but one with which it was willing to abide by. To now require Tennesco to submit to the additional provisions set forth in the second amended Judgment is neither justified nor equitable. There was no default judgment entered—it was an agreed judgment drafted

---

5. With exceptions not pertinent, Rules 59 and 60 of Federal Rules of Civil Procedure are made applicable in bankruptcy proceeding by Bankruptcy Rules 923 and 924.

Rule 59(b), Time for Motion: 10 days. Rule 59(e), Motion to Alter or Amend a Judgment: 10 days. Bankruptcy Rule 906 prohibits the court from extending the time for filing motions under Rule 59(e).

only after hard bargaining on both sides. Apparently it is Guay that now cannot obtain financing for his proposed project within the framework of the Judgment. Tennesco, however, should not be burdened at this late date with the failure of Tipton and Guay to thrash out all matters before the Judgment was entered. Tipton and Guay made calculated and deliberate choices and decisions. They have shown no exceptional circumstances justifying the relief sought.

In *Federal's, Inc. v. Edmonton Investment Co.*, 555 F.2d 577 (6th Cir. 1977), the plaintiff sought to have a confirmation order in bankruptcy modified to permit the rejection of a lease by the plaintiff. The case was tried upon stipulated facts. Writing for the Sixth Circuit, Judge Robert Taylor, sitting by designation, said: "Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." 555 F.2d at 583.

In re *DeVault Manufacturing Co.*, 4 B.R. 382 (Bkrtcy.E.D.Pa.1980), dealt with the issue of whether a party would be permitted to modify a judgment which was based on stipulations of fact agreed upon by both parties. In *DeVault*, both parties agreed to permit the court to reconsider its prior judgment in light of facts contained in supplemental stipulations which were filed after the judgment was entered. 4 B.R. at 385. The court in *DeVault* refused to amend its judgment and said:

Rule 60(b)(1) is addressed to the discretion of the court and is based on the desire of equity to do justice, it is not meant to relieve a party of the consequences of his own mistake or ignorance.... [W]here the alleged mistake under Rule 60(b)(1) was the failure of a party to introduce certain evidence at trial which was then known and available to that party, courts will not allow the case to be reopened for the purpose of offering that evidence. 4 B.R. at 386.

The Judgment which plaintiffs now seek to amend was agreed upon by both plaintiffs and defendant in open court.

Guay's counsel was also present. As pointed out by the defendant, a number of cases have dealt with the question of whether a party will be permitted to modify or amend a judgment which has been entered by consent of the parties or by agreement of counsel. The answer has uniformly been that such a modification or amendment will not be permitted. The case of *Walling v. Miller*, 138 F.2d 629 (8th Cir. 1943), involved an appeal of a consent decree and has been cited many times by later courts for the proposition that—

The law is that a decree entered by consent may be reviewed upon appeal or bill of review where there is a claim of lack of actual consent to the decree as entered; or of fraud in its procurement; or that there was lack of federal jurisdiction. But "a decree, which appears by the record to have been rendered by consent is always affirmed, without considering the merits of the cause...."

... A court which, having jurisdiction of the parties and of the subject matter, renders a consent decree, if it sustains a motion of one of the parties to vacate such decree, not only sanctions the breach of a contract but in effect becomes a party to the breach. 138 F.2d at 631.

See also *Allinsmith v. Funke*, 421 F.2d 1350 (6th Cir. 1970). (Consent decree); In re *DeVault Manufacturing Co.*, 4 B.R. 382 (Bkrtcy.E.D.Pa.1980) (stipulation of facts by parties); *Cannady Supply Co., Inc.*, 6 B.R. 674 (Bkrtcy.D.Kan.1980) (Agreed order); *DiVito v. Fidelity and Deposit Company of Maryland*, 361 F.2d 936 (7th Cir. 1966) (Agreed order).

A similar decision was reached in the case of *Hoffman v. Celebrezze*, 405 F.2d 833 (8th Cir. 1969). In *Hoffman* the parties were directed by the court to prepare "an agreed upon proposed order which would conform to our mandate." Such order was prepared, agreed upon by counsel and signed by the court as prepared. The order contained an award of pre-judgment interest on a judgment even though such interest was not permitted by statute. The court first said that under Rule 60(b) relief could not be

granted because the order resulted from mistake of counsel which was not excusable. The court went on to say that:

> An additional reason why the modification of the judgment here is inappropriate lies in the fact that the judgment was entered by consent. The Supreme Court in *Swift & Co. v. United States* [276 U.S. 311, 48 S.Ct. 311, 72 L.Ed. 587] (citations omitted), states: "But 'a decree, which appears by the record to have been rendered by consent, is always affirmed, without considering the merits of the cause.'" *Parties are generally bound by their agreements made in court.* 405 F.2d at 836 (emphasis added).

"The broad power granted in Clause (6) is not for the purpose of relieving a party from free, calculated and deliberate choices he has made." *Wright & Miller, Federal Practice and Procedure*, Vol. 11, § 2864, p. 214. *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950).

As stated in *Stradley v. Cortez*, 518 F.2d 488, 493 (3rd Cir. 1975), relief under "Rule 60(b)(6) is available only in cases evidencing extraordinary circumstances (citations omitted) and only when the relief sought is based upon 'any other reason' than a reason which would warrant relief under 60(b)(1–5)."

Plaintiffs have not only failed under Rule 60(b)(1), they have also failed under Rule 60(b)(6), since they have not presented to the court any exceptional circumstances as a basis for amendment to the Judgment.

Defendant asserts that the relief originally sought by the plaintiffs was under Rule 59 but that upon learning that they had run afoul of the ten day time limitation set forth therein they opted to treat their Motion as a Motion under Rule 60. Defendant cites *Silk v. Sandoval*, 435 F.2d 1266 (1st Cir. 1971), which considered this question and refused to permit the motion to be heard under Rule 60(b)(1) when, in fact, the basis for the motion was under Rule 59(e) but the time for filing a motion under Rule 59(e) had expired. See also *John E. Smith's Sons Co. v. Lattimer Foundry & Machine Co.*, 239 F.2d 815 (3rd Cir. 1956).

As heretofore stated, Rule 59(e) is clearly inapplicable and the court has considered only whether relief should be granted under Rule 60(b)(1)(6). The court concludes that relief should not be granted.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.