United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 04-30145

———————————————

In The Matter of:  JOSEPHINE D. DIMITRI

Debtor.

------------------------

JOSEPHINE D. DIMITRI,

Appellant,

versus

WILLIAM C. GARRETT, Succession of; GRANVILLE SEMMES,
Individually and as executrix of the Succession of William C.
Garrett; DEBE GARRETT LEVIS, Individually and as executrix
of the Succession of William C. Garrett; BILLIE GARRETT
SEMMES, Individually and as executrix of the Succession of
William C. Garrett,

Appellees.

———————————————————

In The Matter of:  JOSEPHINE D. DIMITRI

Debtor.

------------------------

JOSEPHINE D. DIMITRI,

Appellant,

versus

GRANVILLE SEMMES, Individually and as executrix of the
Succession of William C. Garrett; DEBE GARRETT LEVIS,
Individually and as executrix of the Succession of William C.
Garrett; BILLIE GARRETT SEMMES, Individually and as
executrix of the Succession of William C. Garrett; WILLIAM
C. GARRETT, Succession of,

Appellees.

_____

In The Matter of:  JOSEPHINE D. DIMITRI

Debtor.

------------------------

JOSEPHINE D. DIMITRI,

Appellant,

versus

GRANVILLE SEMMES, Individually and as executrix of the
Succession of William C. Garrett; DEBE GARRETT LEVIS,
Individually and as executrix of the Succession of William C.
Garrett; BILLIE GARRETT SEMMES, Individually and as
executrix of the Succession of William C. Garrett; WILLIAM
C. GARRETT, Succession of,

Appellees.

_____

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 03-CV-3241)
_____

Before REAVLEY, BENAVIDES and PRADO, Circuit Judges.

PER CURIAM:*

The bankruptcy court properly exercised its powers in lifting the automatic stay

arising from a Chapter 11 bankruptcy petition filed in bad faith.  11 U.S.C.A. § 105(a);

see In re Little Creek Development Co., 779 F.2d 1068, 1071 (5th Cir. 1986).  Further,

the court granted the motion to dismiss, based on bad faith of the filing, as demonstrated

by the record.  See 11 U.S.C. § 1112(b); see In re Little Creek, 779 F.2d at 1072.  The

district court was also correct in denying the motions for reconsideration and a new trial.

See Brown v. Wright, 588 F.2d 708, 710 (9th Cir. 1978); see also Johnston v. Lucas, 786

F.2d 1254, 1257 (5th Cir. 1986).  Finally, the "NASCO" motion was properly denied as it

was without merit.  Chambers v. NASCO, Inc., 501 U.S. 32, 115 L.Ed.2d 27, 111 S.Ct

2123, 2132 (1991).


AFFIRMED.

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.