**In re DEVAULT MANUFACTURING COMPANY, Bankrupt.**

**JEFFERSON BANK**

v.

**DEVAULT MANUFACTURING COMPANY.**

**Bankruptcy No. 79–620EG.**

United States Bankruptcy Court, E. D. Pennsylvania.

Dec. 15, 1981.

Paul R. Rosen, Spector Cohen Gadon & Rosen, Philadelphia, Pa., for plaintiff, Jefferson Bank.

William A. Slaughter, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for Official Creditors' Committee.

Adelman & Lavine, Philadelphia, Pa. and Hope, Portnoff & Grant, Paoli, Pa., for bankrupt/defendant, Devault Manufacturing Co.

## MEMORANDUM OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before the court is whether we should permit the taking of discovery by the intervenor in these proceedings. We conclude that, inasmuch as our order permitting intervention (and the District Court's affirmation of that order) was based on the understanding that discovery would not be necessary, such discovery will not be permitted.

The history of this case is briefly:[1] On April 10, 1979, Devault Manufacturing Co. ("Devault") filed a petition for an arrangement under chapter XI of the Bankruptcy Act ("the Act").[2] On June 15, 1979, Jefferson Bank ("the bank") filed a complaint in reclamation against Devault in which it alleged that it held a valid security interest in certain equipment of Devault. In its answer, Devault asserted that the creation of the bank's security interest was a voidable preference pursuant to § 60 of the Act. The matter was submitted to us on the basis of a stipulation of facts and, on March 28, 1980, we held that the bank was entitled to reclaim the equipment because that stipulation contained no evidence of two elements necessary to a finding of a voidable preference: (1) Devault's insolvency at the time of the creation of the bank's security interest and (2) the bank's knowledge of that insolvency. Shortly thereafter, the creditors' committee filed a motion to intervene in the reclamation action for the purpose of offering additional evidence on those two points. In an opinion and order dated June 5, 1980, we granted the committee's motion. That order was affirmed by Judge Louis C. Bechtle of the United States District Court for the Eastern District of Pennsylvania on July 31, 1981, 14 B.R. 536. Thereafter, the creditors' committee filed interrogatories and requests for production of documents. When the bank filed a motion to strike those requests, the committee filed an answer to the motion to strike and a motion to compel discovery. After consideration of those motions and the briefs submitted in support thereof, we conclude that the bank's motion to strike should be granted.

At the time when we granted the committee's motion to intervene, we understood the committee's request to be based on the fact that it had available evidence relevant to Devault's insolvency and the bank's knowledge of that insolvency. In fact, our finding that the committee's interests had not been adequately represented by Devault's counsel was based on the representation of the committee that Devault had had that evidence available before this case was decided, but that its counsel had failed to offer it into evidence or to have it made a part of the stipulation of facts.

Furthermore, Judge Bechtle was also apparently under the impression that, by its motion to intervene, the committee only sought the opportunity to introduce a limited range of evidence which was already available to it. This is evident from Judge Bechtle's opinion wherein he found that the committee's motion to intervene was timely because

> ... the existing parties to the litigation will suffer little, if any, prejudice as a result of the intervention of the Creditors' Committee. The Creditors' Committee seeks to intervene solely to introduce a limited range of evidence not presented heretofore. No discovery or other pretrial procedures are to be invoked which might further postpone resolution of Jefferson's claim, nor does the Creditors' Committee propose to introduce evidence repetitive of that which has already been introduced by stipulation.

In light of the above, we conclude that the creditors' committee was permitted to

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Although the Bankruptcy Act has been superseded by the Bankruptcy Code as of October 1, 1979, the provisions of the Act still govern petitions filed before that date. The Bankruptcy Reform Act of 1978, Pub.L.No.95–598, § 403, 92 Stat. 2683 (1978).

intervene in this reclamation action only within the limited scope of introducing the evidence it had on the issues of Devault's insolvency and the bank's knowledge of that insolvency at the time of the creation of the bank's security interest. Therefore, we conclude that the committee is not entitled to the discovery which it seeks, and we will grant the bank's motion to strike.

For the same reasons, the motion of the creditors' committee to compel the bank to respond to the committee's first request for production of documents and the first set of interrogatories will be denied.