In the Matter of KDI CORPORATION, Debtor.

KDI CORPORATION, Debtor,

v.

Ross M. GWYNN, Creditor,

v.

Tim THEMY, Third Party Defendant.

No. C–1–82–181.
No. MS–1–81–183.
Bankruptcy No. 61463.

United States District Court,
S. D. Ohio, W. D.

March 8, 1982.

Thomas S. Calder, Cincinnati, Ohio, for debtor.

Stephen Black, Robert Pitcairn, Cincinnati, Ohio, for creditor.

## DECISION AND ORDER GRANTING CREDITOR'S MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

SPIEGEL, District Judge:

In this appeal, the creditor Ross M. Gwynn has moved the Court to dismiss the appeal (doc. 5) and to deny the application by debtor for leave to appeal the Order denying motion for disqualification of counsel (doc. 1), on the ground that this Court lacks subject matter jurisdiction to consider said appeal because it is an attempt to appeal from an interlocutory order of the Bankruptcy Court. Heretofore, this Court has denied an application for a stay pending the appeal from debtor's motion to disqualify counsel (doc. 3).

■ Debtor claims that it was uncertain whether the appeal provisions of the Bankruptcy Reform Act of 1978 apply to bankruptcies filed prior to the date of its enactment, and, therefore, it filed both a notice of appeal under Section 24(a) of the Bankruptcy Act, (11 U.S.C. § 47(a)), and an application for leave to appeal pursuant to Section 238 of the Bankruptcy Reform Act

of 1978 (28 U.S.C. § 1334(b)) and Interim Bankruptcy Rule 8004. We are satisfied that the jurisdictional provisions of the Bankruptcy Reform Act of 1978 do not apply to appeals in cases filed under the Bankruptcy Act of 1898. This bankruptcy was commenced in 1970. The savings provision of Section 403(a) of the Bankruptcy Reform Act provides that a case commenced under the old Act and "all matters and proceedings in or relating to any such case shall be conducted and determined under [the old] Act as if [the Bankruptcy Reform] Act had not been enacted." A reading of that portion of the Bankruptcy Reform Act relating to the "Savings Provisions," Section 403, "Courts During Transition," Section 404, and "Jurisdiction and Procedure During Transition," Section 405, convinces us that such act does not apply to appeals in these proceedings from decisions of Bankruptcy Judge Perlman.

■ The Court further agrees with claimant that under the Bankruptcy Act of 1898, the debtor may appeal only from a final order of the Bankruptcy Judge. Such an appeal to this Court is under the authority of Section 39(c) of the Act (11 U.S.C. § 67(c)). We have previously ruled in this case that in a controversy arising from a proceeding in bankruptcy a party may appeal only from a final order (Opinion, July 9, 1981). On the authority of *Firestone Tire & Rubber Company v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), we conclude that the Bankruptcy Judge's order denying debtor's motion to disqualify opposing counsel is not a final order for the purposes of appeal. Justice Marshall observed at 375, 101 S.Ct. at 674:

Because the litigation from which the instant petition arises had not reached final judgment at the time the notice of appeal was filed, the order denying petitioner's motion to disqualify respondent is appealable under § 1291 only if it falls within the *Cohen [v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528] doctrine. The Court of Appeals held that it does not, and 5 of the other 10 Circuits have also reached the

conclusion that denials of disqualification motions are not immediately appealable "collateral orders." We agree with these courts that under *Cohen* such an order is not subject to appeal prior to resolution of the merits.

At 377, 101 S.Ct. at 675:

An order refusing to disqualify counsel plainly falls within the large class of orders that are indeed reviewable on appeal after final judgment, and not within the much smaller class of those that are not.

Nor can we find that debtor will be "irreparably harmed"[1] by denying immediate review. Debtor, in its memorandum in support of its motion to disqualify claimant's counsel states at page 2:

Neither KDI nor Cors, Hair & Hartsock contend that Mr. Cunningham has knowingly revealed confidential information to his new firm or that he would knowingly do so in the future. Neither is there any contention that Graydon, Head & Ritchey would seek to elicit confidential information from Mr. Cunningham for use in the prosecution of this claim.

Furthermore, the Bankruptcy Judge observed when denying debtor's motion to disqualify (Exhibit 1, page 4, application by debtor for leave to appeal doc. 1):

. . . We are satisfied the evidence shows adequate screening to insulate the litigation from Cunningham and vice versa. Besides the absolute integrity of the various parties, which the testimony was directed at, there is the added emphasis of Disciplinary Rule 4, which imposes ethical obligations upon counsel, and which, in view of the integrity, we can expect them to adhere to closely. Because of this, on the evidence presented, we are satisfied that there is no threat of taint to the trial process, a factor which is mentioned in several of the trial cases.

Accordingly, the order which debtor is seeking to appeal, not being a final order, and there being no showing that debtor will suffer irreparable harm by being denied immediate review, and the issue of disqualification, being one which will be indeed reviewable on appeal after final judgment, it is the conclusion of the Court that the creditor's motion to dismiss the appeal for lack of jurisdiction should be granted.

 Inasmuch as this matter is currently proceeding on the merits in the Bankruptcy Court, there should be no delay in the decision on the merits; and we conclude that the debtor had a legitimate basis for seeking review at this time. Therefore, claimant's request for an award of attorney's fees on appeal "on the ground that the appeal has been filed in this Court without a colorable claim of jurisdiction and with intent to cause harassment, delay, and expense to the creditor," is denied.

SO ORDERED.

---

1. *Firestone Tire & Rubber Company v. Risjord,* 449 U.S. 368, at 376, 101 S.Ct. 669 at 675, 66 L.Ed.2d 571 (1980).