699 F.2d 399
 Edward J. HELLER, Trustee in Bankruptcy of H.D. Montgomery,
Jr., and William Montgomery, a partnership, d/b/a
Murphysboro Grain Elevator Company,
Plaintiff-Appellee,
v.
John E. MONTGOMERY, Defendant-Appellant.
 No. 81-2830.
 United States Court of Appeals,
Seventh Circuit.
 Submitted Jan. 14, 1983.*
Decided Feb. 3, 1983.
Rehearing Denied March 7, 1983.
 
 Ronald M. Brown, Brown & Shinitzky, Chicago, Ill., for defendant-appellant.
 Gerald S. Reed, Reed, Heller & Mansfield, Murphysboro, Ill., for plaintiff-appellee.
 Before CUMMINGS, Chief Judge, and WOOD and ESCHBACH, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this case we are asked to review a decision of a bankruptcy judge holding that, under the provisions of the Bankruptcy Act of 1898, the plaintiff-appellee trustee may avoid a preferential transfer made by the debtor to the defendant-appellant creditor.
 
 
 2
 The bankruptcy proceeding underlying this case was commenced on January 12, 1979. The trustee's complaint seeking to avoid the transfer was filed in state court on September 21, 1979. That action was removed to federal court by the defendant on October 17, 1979. On February 9, 1981, the district court judge recused himself and assigned the case to a bankruptcy judge for trial. The bankruptcy judge conducted a trial and entered judgment against the defendant on June 25, 1981. The defendant subsequently filed a motion for reconsideration, which the bankruptcy judge denied on September 29, 1981. On October 26, 1981, the defendant filed a notice of appeal in the district court stating that he was appealing from the bankruptcy judge's decision (and order denying reconsideration) to this court. The district court subsequently entered an order directing the clerk of the bankruptcy court to forward records of its proceeding for this appeal, but took no other action.
 
 
 3
 At this point we are faced with a threshold question: whether this court has jurisdiction to review the bankruptcy judge's decision.[1] The parties urge that we have jurisdiction by virtue of section 24 of the Bankruptcy Act of 1898, 11 U.S.C. Sec. 47 (repealed), which provides that "court of appeals ... are vested with appellate jurisdiction from the several courts of bankruptcy...."
 
 
 4
 The parties appear to be correct in arguing that this appeal (concerning a case commenced under the Bankruptcy Act of 1898) is governed by the provisions of that Act, even though the appeal was actually filed after the effective date of the Bankruptcy Reform Act of 1978. See In re KDI Corp., 18 B.R. 378, 379 (D.C.S.D.Ohio 1982); In re Devault Manufacturing Co., 14 B.R. 536, 538 (D.C.E.D.Pa.1981).[2] In its present posture, however, this case does not lie within the jurisdictional grant of section 24.
 
 
 5
 The "courts of bankruptcy" referred to in section 24 include "the United States district courts and the district courts of the Territories and possessions...." They do not include a bankruptcy court presided over by a bankruptcy judge.[3] Although this case was originally brought before a district court, judgment was entered by the bankruptcy judge. That judgment cannot be directly appealed to this court under section 24.[4]
 
 
 6
 The proper course for appealing from a judgment of a bankruptcy judge under the Bankruptcy Act of 1898 is to the district court. See Bankruptcy Rule 801; Matter of Ellis, 674 F.2d 1238, 1245 n. 9 (9th Cir.1982). To perfect such an appeal a party must file a notice of appeal with the bankruptcy judge within the time allowed by Bankruptcy Rule 802--normally ten days from the date of judgment. See In re Tyne, 261 F.2d 249, 252 (7th Cir.), cert. denied, 359 U.S. 974, 79 S.Ct. 892, 3 L.Ed.2d 841 (1959). The defendant-appellant did not follow this course; the only action by the district court was to channel the bankruptcy court's records to this court; the district court did not actually review the judgment.
 
 
 7
 Accordingly, this appeal is dismissed.
 
 
 
 *
 Pursuant to an order of this court entered on October 15, 1982, this case has been submitted for decision on the briefs and record
 
 
 [1]
 The parties did not discuss the question of appellate jurisdiction in their initial briefs. They have submitted memoranda on the question in response to an order by this court
 
 
 [2]
 We need not decide this question for, even if the Bankruptcy Reform Act of 1978 is applicable, we still do not have jurisdiction over this appeal. See note 4 infra
 
 
 [3]
 This limitation is true even if the underlying case is assigned to the bankruptcy judge by a district court. A bankruptcy judge is simply not a district court judge; he cannot be made so by "designation." Cf. Northern Pipeline Construction Co. v. Marathon Pipe Line Co., --- U.S. ----, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)
 
 
 [4]
 Note that under section 405(c)(1)(B) of the Bankruptcy Reform Act of 1978, 28 U.S.C. prec. Sec. 1471 (Jurisdiction and Procedure During Transition), a decision of a bankruptcy judge can be directly appealed to the court of appeals if the parties agree to such action. Even if this provision could be applied in the present case, however, we would still not have jurisdiction, as the parties did not file a timely stipulated notice of appeal in this court