## In the Matter of RITZ THEATRES, INC., Debtor(s).

### Bankruptcy No. 86–4074.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 8, 1987.

R.Civ.P. Rule 25(d)(1) and Bankruptcy Rule 7025.

Harley E. Riedel, Tampa, Fla., for debtor.

John D. Emmanuel, Tampa, Fla., for movant.

Gregory E. Mierzwinski, Tampa, Fla., for Freedom Savings & Loan Assoc.

## ORDER ON MOTION FOR RECONSIDERATION OR REHEARING ON ORDER ON MOTIONS FOR RELIEF FROM AUTOMATIC STAY

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is a Motion for Rehearing filed by Ritz Theatres, Inc., the Debtor involved in the above-mentioned case. The Motion is directed to the previous Order entered by this Court on the Motion for Relief from Automatic Stay dated December 17, 1986, 68 B.R. 256, which terminated the automatic stay in favor of Freedom Savings and Loan Association pursuant to § 362(d)(2) and also denied the Motion to Lift the Stay filed by Cesar and Adela Gonzmart, but conditioned the extension of the stay on an adequate protection payment, which directed the Debtor to pay not later than seven days from the date of entry of the Order $2,500.00 and $2,500.00 by January 15, 1987. The Motion filed by the Debtor is primarily addressed to the Order Lifting the Automatic Stay in favor of Freedom Savings and Loan, although it also concedes, as it must, that it did not comply with the adequate protection order and seeks an extension of the time to make the payment ordered by the December 17, 1986, Order.

■ Considering first the Motion for Rehearing directed to the Motion filed by Freedom Savings and Loan, there is nothing in the Motion for Rehearing or Reconsideration in this Court's judgment which would warrant a reconsideration. While it is true that the Memorandum Opinion entered by this Court and the Order erroneously stated on Page 9 on the last paragraph that there is equity in the subject property, it is obvious that it should be stated that there is no equity in the subject property on which Freedom has a first and second mortgage. However, with respect to the balance of the Order, this Court is satisfied that the Findings of Fact and the Conclusions of Law were correct and should not be changed.

Moreover, the allegation of the Debtor that it should be given a new opportunity to present additional evidence on the feasibility of the proposed development of this project is equally without merit. First, this Court is satisfied there is nothing alleged in the motion which shows that such evidence was not available the first time, which evidence would have produced a materially different result. *In re Devault Manufacturing Co.*, 4 B.R. 382 (Bankr.D. Pa.1980) *aff'd 14 B.R. 536 (E.D.Pa.1981)*. Moreover, there is nothing in this record to show that this Court did not have a full opportunity to consider the testimony of the proposed promoter of this project, Mr. Stewart. This Court is satisfied now, as it was at that time, that the plan of the Debtor to develop this property is nothing more than a pipe dream and has no realistic firm basis on which one could base an expectation that this project as envisioned or projected could be economically feasible. The fact that Mr. Stewart is interested is, of course, of no significance. Simply being interested in a project is a far cry from being able to produce the wherewithal to turn the property into an economically via-

ble enterprise. In this type of proposition a lot of people are interested, but the real question is who has the real money to effectuate this project which according to their projection is supposed to generate a daily income of $14,000.00 year round and requires spending three and a half or four million dollars for development of the project, and the projected income is supposed to be sufficient to service this new debt of almost four million dollars in addition to servicing the current outstanding obligation represented by these two mortgages and meet the current operating expenses. Obviously the projected revenue is totally unrealistic and the expectation of daily gross revenues from operation of a dinner theatre in this city, apart from the fact that it is doubtful whether it would even be enough to cover the cost of operation of this project.

Based on the foregoing this Court is satisfied that the Motion for Rehearing or Reconsideration on Order on Motions for Relief From Automatic Stay is without merit except to the extent that the previous order shall be amended to read on Page 9, the last paragraph that rather than the statement there is equity, it shall state there is no equity in the subject property.

This leaves for consideration the request of the Debtor to give an extension of time to make the adequate protection payment ordered by the previous Order which directed the Debtor to pay $2,500.00 within seven days and another $2,500.00 by January 15. Ordinarily such requests would be almost routinely granted. It is astounding that a Debtor who has visions to develop a large dinner theatre complex involving millions of expenditures is unable to raise $2,500.00 for adequate protection regardless how short the time frame is.

Based on the foregoing this Court is satisfied that the Motion to Extend the Time is unwarranted and unjustified considering all circumstances of this case, and therefore, it is denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Rehearing or Reconsideration on Order on Motions for Relief From Automatic Stay be, and is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Extend the Time to Pay Adequate Protection be, and the same is hereby, denied.