In re Thomas A. SMITH, Debtor.

John R. CHRISTEN, Plaintiff,

v.

Thomas A. SMITH, Defendant.

Bankruptcy No. 86–3275–8P7.
Adv. No. 86–536.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 13, 1988.

John D. Emmanuel, Tampa, Fla., for plaintiff.

Kathryn Preston and Don M. Stichter, Tampa, Fla., for defendant.

## ORDER ON MOTION FOR RECONSIDERATION OF FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a Motion for New Trial, Rehearing, Reconsideration and to Alter or Amend Judgment and Findings of Fact and Conclusions of Law. The Motion is filed by John R. Christen (Christen), the Plaintiff who instituted this adversary proceeding against Thomas A. Smith (Debtor). At the conclusion of the Final Evidentiary Hearing on May 17, 1988, this Court entered its Findings of Fact, Conclusions of Law and Memorandum Opinion and concluded that Christen is not entitled to relief on any of the counts set forth in his Amended Complaint. 86 B.R. 701.

In his motion, Christen seeks 1) a new trial, 2) rehearing and 3) a reconsideration. Christen also seeks to alter or amend the judgment and findings. Inasmuch as there is no allegation in the Motion that there is any newly discovered evidence which could not have been obtained at the time of the trial and which if presented would have produced no material different results and there is no justification to grant a new trial. *In re Devault Mfg. Co.*, 4 B.R. 382 (Bankr.D.Pa.1980) *aff'd,* 14 B.R. 536 (E.D. Pa.1981). Considering the part of the Motion which seeks an amendment to the judgment, it is also without merit for the single reason that no judgment has been entered yet, thus the motion is premature. This leaves for consideration the Motion which seeks a reconsideration and amendment of the "Findings."

As noted earlier, on May 17, 1988, this Court entered its Findings of Fact, Conclusions of Law and Memorandum Opinion. Based on the record established at the final evidentiary hearing, this Court concluded that Christen failed to establish with the requisite degree of proof any of the elements of a viable claim based on § 523(a)(2)(A); and the proof presented in support of a claim set forth in Count II of the Amended Complaint also equally lacked evidentiary support; the claim set forth by Christen in Count III of his Complaint has been abandoned. On May 24, Christen filed a Motion to Amend Pleadings to conform to the evidence. The proposed Amendment sought to change the pleading to reflect that the Defendant agreed to obtain a recision of the Plaintiff's guaranty to Manna; that he failed to do so; that he took advantage of the continuing effectiveness of Christen's guaranty by continuing to make credit purchases from Manna; and that he failed to inform Christen that his guaranty remained in effect. Based on the foregoing, it is now asserted by Christen the first time that the Defendant's initial undertaking and agreement to cancel Christen's guaranty and his failure to disclose to the Plaintiff the continuing existence of the guaranty misled and defrauded the Plaintiff. The proposed amendment based on these newly asserted claims now attempts to claim breach of a fiduciary duty. It was to state a viable claim of dischargeability pursuant to § 523(a)(4).

On June 29, 1988, the Court granted the Motion to Amend.

The Plaintiff in his Motion seeks a reconsideration of the Findings and contends that this Court's findings are contrary to the weight of the evidence in the following respects: 1) a finding of this Court as appears on Page 5 of the Memorandum Opinion that it should have been evident to Christen that the Debtor was not in a position to secure a release of Christen's guaranty from Manna was in error. In addition, it is Christen's contention that this Court was incorrect in concluding that Christen was not concerned about any possible exposure on his personal guaranty; that this Court failed to mention a fact which, according to Christen, is critical that Manna would not continue to sell to Brewmasters Restaurant on credit without Christen's guaranty and the Defendant never disclosed this fact to Christen; that Christen was contending that this Court erred in concluding that there was no evidence in the record to establish that the Debtor did obtain any money, property or service or extension of credit from Christen. In addition, it is the contention of Christen that this Court erred in suggesting in the Findings that the Debtor's lack of candor is irrelevant because Christen knew he was being sued.

Lastly, it is also contended by Christen that this Court erred by finding and concluding that Christen voluntarily settled the claim of Manna in that it was a settlement of a judgment which was not voluntary.

Considering these new contentions *seriatim*, it should be stated that Christen is correct to the extent that the statement on Page 5 of the Memorandum Opinion should have made it clear that the statement referred to the indebtedness which then existed to Manna and not to any future indebtedness which the Brewmaster Restaurants might have incurred with Manna. In this connection, it should also be noted that at the time Christen sold his interest in the Restaurant in 1982 to the Debtor, Manna was no longer selling to the Restaurants on credit and did not resume selling on credit until several months after the June 1982 transaction when Christen no longer had anything to do with the operation of the Restaurants. However, this alleged error in the Findings, is of no consequence, and is immaterial and certainly would not warrant changing the ultimate conclusion of this Court. Considering Christen's contention of an error relating to this Court's statement that Christen was not concerned about his possible exposure on his personal guaranty, this is really nothing more than the other side of the same coin and relates to the previous allegation of error. Thus, while it might have been unclear, and the finding should have reflected that his lack of concern related to any future exposure on his guaranty. This so-called error equally would not warrant changing the ultimate conclusion arrived at by this Court. Neither is the claim by Christen that Manna would not have continued to sell on credit to the Restaurants without Christen's guaranty and the Defendant had a duty to disclose this fact to Christen.

Concerning the claim that this Court erred to conclude that the record is devoid to support any claim under § 523(a)(2)(A), this Court is satisfied that there is not an iota of evidence in this case that the Debtor obtained any money, property, services or extension of credit from *Christen*. The fact that the Debtor obtained credit from Manna is without significance and certainly this could not make out a viable claim under § 523(a)(2)(A). Concerning the contention that Christen was prevented by the Defendant from cancelling his guaranty of the future accounts of the restaurants operated by the corporations controlled by the Debtor, it totally lacks any evidentiary support. Certainly nothing prevented Christen from writing a simple letter to Manna as he was advised to do by the Defendant to cancel his guaranty. Lastly, the contention of Christen is equally without merit that this Court erred in concluding the settlement by Christen of the claim of Manna was voluntary. In this connection, it is important to point out the following: First, it is without dispute that Christen requested the Debtor to represent him in the lawsuit and contrary to the allega-

tion in the original Complaint, he never told Christen he was just a witness and all pleadings or answers filed on behalf of Christen was by his consent. The fact of the matter is after the entry of a judgment in favor of Manna, the Debtor informed Christen he was going to challenge the judgment and asked him what he was going to do about it and Christen declined to follow the same course of action and decided voluntarily to settle the lawsuit rather than proceed with litigation with Manna, in spite of the fact that the Debtor pointed out to him that he believed as an attorney he had excellent grounds to vacate and set aside the judgment of the Circuit Court in Jacksonville in favor of Manna.

Thus, viewing only the points raised in the Motion, it is clear that none of them has any merit and would warrant changing the ultimate conclusion of this Court that none of the claims asserted by Christen in his Amended Complaint and, as further amended to conform to the pleadings, have been established with the requisite degree of proof.

■ Notwithstanding, this Court in considering the Motion granting same agreed to consider the alternative theory advanced by Christen and specified in the Order that the Court would also consider two additional points, both of which have been intimated earlier, but not very well articulated which are as follows: Whether or not there is sufficient evidence in this record that at the time the Debtor promised to obtain the release of the guaranty of Christen of any further debts which might be owed to Manna by Brewmaster, Inc., and its affiliates, he still acted in a fiduciary capacity or that he was no longer acting as Christen's attorney, but the Debtor and Christen were already in an adversary position of a buyer and a seller of a stock interest in the corporations in which both Christen and the Debtor were the only stockholders.

In support of the points raised on oral argument on the Motion for Rehearing, counsel for Christen urges that under well-established principles, the relationship of an attorney and a client, once it has been established, continues until the attorney affirmatively informs the client that he no longer represents him, *citing Rice v. Forestier*, 415 S.W.2d 711 (Tex.App.1967), which stands for the proposition that once an attorney-client relationship exists, the attorney has the affirmative duty to notify the client of the termination of the relationship. In addition, it is contended by counsel for Christen that in determining whether an attorney-client relationship has been created and still continues to exist, the determining factor is the subjective belief of the client that he is consulting a lawyer in his professional capacity and for the purpose of obtaining legal advice, *citing Dalrymple v. Nat. Bank & Trust Co. of Traverse City*, 615 F.Supp. 979, 982 (W.D. Mich.1985).

In the present instance there is no question that the Debtor as an attorney represented Christen for over a decade, in addition to having been involved with Christen in the operation of Brewmasters Restaurants. The crucial question is whether or not when they severed their business relationship in June 1982 and drew up the Memorandum of Agreement, did the Debtor act only as the purchaser of the corporate stock and Christen as the seller of the corporate stock, or, in addition, the Debtor still acted as attorney for Christen concerning the problem of obtaining a rescission of Christen's guaranty of the obligation owed to Manna by the restaurants.

There is nothing in this record which indicates that the Debtor ever notified Christen that their relationship as client and attorney had been terminated. While there is evidence in this record that Christen, after they severed their business relationship, did consult another law firm and the fact of the matter is not only in connection with estate planning, but also in connection with an attempt to formalize the very buy-out agreement entered into between Christen and the Debtor in June 1982, this fact does not necessarily compel the conclusion that Christen no longer considered the Debtor to be his attorney and he no longer entertained a reasonable subjective belief that the Debtor is still his attorney, *see Dalrymple v. Nat. Bank &*

*Trust Co. of Traverse City, supra,* and will take care of the matter of obtaining a recision of Christen's guaranty. This is so because the presence or absence of his subjective belief that the Debtor was still his attorney must determine with reference to the time they discussed the recision of the guaranty and not what occurred thereafter. In viewing the totality of the circumstances, the conclusion is inescapable that the Debtor had a continuing duty either to notify Manna that Christen is no longer involved with the operation of the Brewmaster Restaurants, and, therefore, he does not guarantee any future debts of the Brewmaster Restaurants, or at least to alert Christen that he was still liable on his original guaranty when he negotiated with Manna to obtain merchandise on credit for the Brewmaster Restaurants, and when Manna agreed to resume selling on credit to the Restaurants.

Based on the foregoing, this Court is constrained to conclude that the Debtor did, in fact, breach his duty of a fiduciary, thus, the resulting liability shall be declared to be nondischargeable pursuant to § 523(a)(4) of the Bankruptcy Code.

A separate final judgment will be entered in accordance with the foregoing.