**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN ROBERT OPENSHAW, | No. 12-56581 |
| Plaintiff - Appellee, | D.C. No. 8:10-cv-00689-CJC-SS |
| v. | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted March 7, 2014
Pasadena, California

Before: BYBEE, BEA, and IKUTA, Circuit Judges.

John Openshaw entered into an Operating Agreement ("Agreement") with

FedEx Ground Package System, Inc. ("FedEx"). After FedEx terminated the

Agreement, Openshaw sued FedEx for breaching the Agreement and breaching the

implied covenant of good faith and fair dealing. The claims went to a jury. The

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

jury was unable to reach a verdict on the breach of contract claim. However, the jury awarded Openshaw damages on the claim of breach of implied covenant of good faith and fair dealing. FedEx now appeals the district court's denial of FedEx's Rule 50(b) motion for judgment notwithstanding the verdict, FedEx's Rule 59 motion for remittitur or new trial on damages, and FedEx's motion to exclude Openshaw's expert from testifying about Openshaw's damages. FedEx abandoned any argument that it was entitled to a full new trial because of legal error, and we will not manufacture such a claim here. On appeal, we review the district court's denial of the Rule 50(b) motion de novo, *Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006), and reverse and remand with instructions to enter judgment for FedEx.

Openshaw argued that FedEx breached the implied covenant of good faith and fair dealing by (1) allowing a driver to be hired away from Openshaw with no notice; (2) not "flexing" (re-directing to other contractors) packages away from Openshaw or reconfiguring his routes; (3) terminating Openshaw without any notice and with the intent to deprive him of the opportunity to sell his routes; (4) unfairly criticizing Openshaw's performance; (5) not offering Openshaw a spare truck when he needed it; (6) not telling Openshaw about a spare driver when he needed one;(7) not telling Openshaw in advance how many packages he would

2

have to deliver even though FedEx had that information; (8) interfering with Openshaw's ability to hire quickly a driver; and (9) renting Openshaw scanners which regularly broke. The district court also held that the jury could have found that FedEx had breached the covenant of good faith and fair dealing by failing to reconfigure Openshaw's service area. Openshaw cannot prevail on any of these claims.

Under California law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement." *Foley v. Interactive Data Corp.*, 765 P.2d 373, 389 (Cal. 1988) (internal quotation marks omitted). The implied covenant of good faith and fair dealing is that neither party will do anything that will injure the right of the other to receive the benefits of the agreement. *See Waller v. Truck Ins. Exch.*, 900 P.2d 619, 639 (Cal. 1995). The covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz v. Bechtel Nat. Inc.*, 8 P.3d 1089, 1110 (Cal. 2000).

First, Openshaw admits that another competing contractor, not FedEx, hired the driver away from Openshaw, and there is no evidence that FedEx fomented the contractor to hire the driver. Thus, we need not decide whether such action would support a claim for breach of the implied covenant of good faith and fair dealing.

3

Further, the Agreement explicitly gave FedEx discretion about whether to "flex" packages away from contractors, reconfigure contractors' routes, and when it could, terminate Openshaw for cause.[1] Because the Agreement explicitly gave FedEx discretion over whether or when to act, FedEx did not breach its covenant of good faith and fair dealing by exercising that discretion. *See Brandt v. Lockheed Missiles & Space Co.*, 201 Cal. Rptr. 746, 749 (1984); *Carma Developers (Cal.), Inc. v. Marathon Dev. California, Inc.*, 826 P.2d 710, 729 ( Cal. 1992) ("[a]cts in accord with the terms of one's contract cannot without more be equated with bad faith.") (quoting *Balfour, Guthrie & Co., Ltd. v. Gourmet Farms*, 166 Cal. Rptr. 422, 428 (Cal. App. 1980)). Openshaw's argument that the explicit discretion in the text of the Agreement was limited by FedEx's internal operating memoranda fails because the Agreement had an enforceable integration clause.

Openshaw's other arguments, that FedEx breached the implied covenant of good faith and fair dealing by unfairly criticizing his performance, not offering Openshaw a spare truck when he needed it, not telling Openshaw about a spare

---

[1] While Openshaw presented emails from FedEx managers that evidenced that FedEx wanted to terminate the Agreement before Openshaw could assign his interests in the Agreement, whether FedEx breached the implied covenant of good faith and fair dealing does not depend on whether FedEx's actions were dishonest. *Carma*, 826 P.2d at 727. What prevents a claim on the implied covenant is that the Agreement explicitly allowed termination for cause. If there were cause, then it is irrelevant whether termination also was motivated by a secondary result.

4

driver when he needed one, and not telling Openshaw in advance how many packages he would have to deliver, also fail. The covenant of good faith and fair dealing protects against one party *interfering* with another party's contract *rights*; it does not obligate a party to help another party perform that other's contract obligations. Moreover, the Agreement explicitly obligated *Openshaw* to provide trucks and drivers and to operate at a national standard. A good faith and fair dealing obligation cannot be read into the Agreement to impose a substantive duty on FedEx to *help* Openshaw provide trucks and drivers or to meet delivery standards because that obligation was placed solely on Openshaw by the specific terms of the Agreement. *Guz*, 8 P.3d at 1110.

Similarly, when the Agreement required FedEx to process Openshaw's drivers and required background checks and training as to each driver, FedEx could not have breached the implied covenant of good faith and fair dealing by refusing to waive these Agreement requirements, regardless of Openshaw's needs. The Agreement gave FedEx the right to such checks and training. Further, even though Openshaw testified that the processing of one of his drivers was delayed, the evidence showed Openshaw knew that the background checks were delayed because the background check company was closed and not through the fault of FedEx.

5

Finally, although Openshaw testified that the scanners were sometimes faulty, he never proffered any evidence that FedEx *knew* the scanners were faulty when it issued them to Openshaw or that FedEx refused to replace the scanners. Merely *unknowingly* providing equipment that turns out not to work properly, and then replacing it, is not a breach of the covenant of good faith and fair dealing. *See Waller*, 900 P.2d at 639.

Because we find that judgment should have been entered for FedEx, we need not consider whether the district court erred in denying FedEx's motion for remittitur or a new trial on the issue of damages, or whether it was an abuse of discretion to allow the expert's testimony.

The district court's denial of FedEx's Rule 50(b) motion is REVERSED and this case is REMANDED with instructions to enter judgment for FedEx.

*Openshaw v. FedEx Ground Package Sys., Inc.*, No. 12-56581

BYBEE, Circuit Judge, dissenting:

In May 2009, John Openshaw and FedEx Ground Package System, Inc. ("FedEx") signed an Operating Agreement whereby Openshaw agreed to deliver FedEx packages in the Palm Springs, California region. Just five months later, in October 2009, FedEx terminated the Operating Agreement with Openshaw. Subsequently, Openshaw brought an action against FedEx for breach of contract and for breach of the implied covenant of good faith and fair dealing. Before a jury, he presented evidence that—he argued—showed that FedEx breached the Operating Agreement by, among other things, unfairly criticizing his performance, not shifting packages to other deliverers in a process called "flexing," not providing him a spare truck or a spare driver, not informing him of how many packages he had to deliver, not renting him functional scanning equipment, allowing a driver to be hired away from him without notice, interfering in his ability to hire a driver, and terminating his agreement without notice and with the intent to deprive him of the opportunity to sell his routes.

The jury returned what amounted to a split verdict. It was unable to reach a verdict on the breach of contract claim but found that FedEx had breached the implied covenant of good faith and fair dealing and awarded Openshaw damages.

1

FedEx subsequently moved for judgment as a matter of law under Fed. R. Civ. P. R. 50(b) or for a new trial under Rule 59. The district court denied both motions. In explaining its reasoning, the court described the evidence presented by both sides as "significant" and "substantial," and found that "the jury had evidence to go either way in this case and they decided to go with Mr. Openshaw." It added that there was "substantial evidence to support the jury's finding that FedEx Ground took action to deprive Mr. Openshaw of the benefits of the Operating Agreement," and it listed specific evidence, "including, without limitation, hiring one of his drivers without reasonable notice, refusing to flex excess packages, failing to reconfigure his service area, and failing to give him notice of and an opportunity to cure any deficiencies in his performance."

Upon review, Openshaw appears to have presented a weak case that FedEx breached its Operating Agreement with him and breached the implied covenant of good faith and fair dealing. But the jury, after hearing a full trial and considering the evidence, was unable to conclude that the evidence was so weak so as to return a verdict in FedEx's favor on the breach of contract claim. Nonetheless, the district court allowed the jury to conclude that FedEx breached the implied covenant of good faith and fair dealing, even though that covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific

2

terms of their agreement." *Guz v. Bechtel Nat., Inc.*, 8 P.3d 1089, 1110 (Cal. 2000).

The jury should not have been allowed to conclude, as the district court did, that the covenant existed merely in the ether of the contract and that the covenant could be violated without the finding of an express violation of one of the contract's substantive provisions. For instance, at one point, the district court remarked: "I don't recall any explicit provision [that was] breached, but when you look at the terms of the operating agreement, I can easily conclude that there was an implied covenant of good faith and fair dealing . . . ."

But it assumes too much to conclude under the Rule 50 standard that "no reasonable juror could find in [Openshaw's] favor." *Torres v. City of L.A.*, 548 F.3d 1197, 1205 (9th Cir. 2008) (citation omitted). Accordingly, I disagree with the majority's decision to reverse the district court's denial of Fed Ex's Rule 50(b) motion.

Under Rule 59, "[t]he district court's denial of the motion for a new trial is reversible only if the record contains no evidence in support of the verdict." *Molski v. M. J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (citation omitted). In this case, had the jury been instructed properly, it would not have reached the good faith and fair dealing claim without first finding a breach in "some specific contractual obligation" upon which the good faith and fair dealing claim could

3

"rest[]." *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031 (1992).

The error in instruction constituted a mistake of law, and we may reverse the denial of a motion for a new trial where such a mistake has been made. *See Molski*, 481 F.3d at 729; *see also Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978) (per curiam).

In sum, because the evidence of the breach of contract claim was strong enough to go to the jury and strong enough to prevent the jury from reaching a verdict for FedEx, and because the jury reached the covenant claim erroneously, we should return this case to the district court for a new trial under Rule 59.

I respectfully dissent.