BYBEE, Circuit Judge,
dissenting:
In May 2009, John Openshaw and FedEx Ground Package System, Inc. (“FedEx”) signed an Operating Agreement whereby Openshaw agreed to deliver FedEx packages in the Palm Springs, California region. Just five months later, in October 2009, FedEx terminated the Operating Agreement with Openshaw. Subsequently, Openshaw brought an action against FedEx for breach of contract and for breach of the implied covenant of good faith and fair dealing. Before a jury, he presented evidence that — he argued— showed that FedEx breached the Operating Agreement by, among other things, unfairly criticizing his performance, not shifting packages to other deliverers in a process called “flexing,” not providing him a spare truck or a spare driver, not informing him of how many packages he had to deliver, not renting him functional scanning equipment, allowing a driver to be hired away from him without notice, inter *689 fering in his ability to hire a driver, and terminating his agreement without notice and with the intent to deprive him of the opportunity to sell his routes.
The jury returned what amounted to a split verdict. It was unable to reach a verdict on the breach of contract claim but found that FedEx had breached the implied covenant of good faith and fair dealing and awarded Openshaw damages.
FedEx subsequently moved for judgment as a matter of law under Fed.R.Civ. P.R. 50(b) or for a new trial under Rule 59. The district court denied both motions. In explaining its reasoning, the court described the evidence presented by both sides as “significant” and “substantial,” and found that “the jury had evidence to go either way in this case and they decided to go with Mr. Openshaw.” It added that there was “substantial evidence to support the jury’s finding that FedEx Ground took action to deprive Mr. Openshaw of the benefits of the Operating Agreement,” and it listed specific evidence, “including, without limitation, hiring one of his drivers without reasonable notice, refusing to flex excess packages, failing to reconfigure his service area, and failing to give him notice of and an opportunity to cure any deficiencies in his performance.”
Upon review, Openshaw appears to have presented a weak case that FedEx breached its Operating Agreement with him and breached the implied covenant of good faith and fair dealing. But the jury, after hearing a full trial and considering the evidence, was unable to conclude that the evidence was so weak so as to return a verdict in FedEx’s favor on the breach of contract claim. Nonetheless, the district court allowed the jury to conclude that FedEx breached the implied covenant of good faith and fair dealing, even though that covenant “cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.” Guz v. Bechtel Nat., Inc., 24 Cal.4th 317, 100 Cal.Rptr.2d 352, 8 P.3d 1089, 1110 (2000).
The jury should not have been allowed to conclude, as the district court did, that the covenant existed merely in the ether of the contract and that the covenant could be violated without the finding of an express violation of one of the contract’s substantive provisions. For instance, at one point, the district court remarked: “I don’t recall any explicit provision [that was] breached, but when you look at the terms of the operating agreement, I can easily conclude that there was an implied covenant of good faith and fair dealing
But it assumes too much to conclude under the Rule 50 standard that “no reasonable juror could find in [Openshaw’s] favor.” Torres v. City of L.A., 548 F.3d 1197, 1205 (9th Cir.2008) (citation omitted). Accordingly, I disagree with the majority’s decision to reverse the district court’s denial of FedEx’s Rule 50(b) motion.
Under Rule 59, “[t]he district court’s denial of the motion for a new trial is reversible only if the record contains no evidence in support of the verdict.” Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir.2007) (citation omitted). In this case, had the jury been instructed properly, it would not have reached the good faith and fair dealing claim without first finding a breach in “some specific contractual obligation” upon which the good faith and fair dealing claim could “rest[ ].” Racine & Laramie, Ltd. v. Dep’t of Parks & Recreation, 11 Cal.App.4th 1026, 1031, 14 Cal.Rptr.2d 335 (1992).
The error in instruction constituted a mistake of law, and we may reverse the denial of a motion for a new trial where such a mistake has been made. See Mol *690 ski, 481 F.3d at 729; see also Brown v. Wright, 588 F.2d 708, 710 (9th Cir.1978) (per curiam).
In sum, because the evidence of the breach of contract claim was strong enough to go to the jury and strong enough to prevent the jury from reaching a verdict for FedEx, and because the jury reached the covenant claim erroneously, we should return this case to the district court for a new trial under Rule 59.
I respectfully dissent.